TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00615-CV






Lloyd Dale Burtch, Appellant



v.



Jennifer Jo Burtch, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. C96-504C, HONORABLE JACK ROBISON, JUDGE PRESIDING 







 This case involves a breach-of-contract claim brought by appellee, Jennifer Jo
Burtch, against appellant, Lloyd Dale Burtch, on behalf of the couple's two children, Jessica and
Matthew. The issue presented is whether the provisions of an agreed divorce decree regarding
child support for the children's college education are enforceable as a contract. The district court
held that they were and rendered judgment against Lloyd for the sum of $13,616.79, plus costs
and attorney's fees. We will modify the district court's judgment and affirm the judgment as
modified.


BACKGROUND


 Lloyd and Jennifer were divorced in 1993 in Comal County by an agreed divorce
decree. The decree contained provisions requiring the father to pay for expenses related to the
children's education beyond high school, as well as their auto-insurance premiums; his financial
support was contingent upon the children satisfying certain conditions. Jennifer sued Lloyd after
he failed to pay for various expenses of the children. Lloyd claimed the provisions for support
beyond high school were not enforceable as a contract, and in the alternative, that he was released
from support obligations when Jessica and Matthew did not attend classes full time or maintain
their grades. After a bench trial, the trial court found that Lloyd and Jennifer's agreed divorce
decree was an enforceable contract that Lloyd had breached. He was held liable for the expenses
incurred by both children during the semesters in which they were full-time students. After
Jennifer filed a motion for reconsideration, the court found Lloyd additionally liable for economic
support during periods in which Jessica had substantially complied with the attendance
requirement, but was prevented from complying in full due to specific violations of the contract
by her father. The trial court rendered judgment that Lloyd pay the children a total of $13,616.79
plus costs and attorney's fees. The appellant raises nine issues on appeal. He challenges the trial
court's jurisdiction to hear the cause, the enforceability of the enforcement provisions as a
contract, the sufficiency of the evidence supporting the children's compliance with conditions for
support, the court's calculation of support due, and the amount of attorney's fees awarded on
appeal.


DISCUSSIONJurisdiction

 We first address the issue raised by the father's eighth point of error, whether this
action should have been dismissed for want of jurisdiction. Lloyd claims the Comal County
district court, the court that presided over the original divorce proceeding, lacked jurisdiction over
the breach-of-contract action. In support of this contention, Lloyd cites two cases that hold once
a child reaches the age of eighteen, the divorce court no longer retains jurisdiction over the subject
matter and consequently has no power to enter orders for support. See Birdwell v. Birdwell, 819
S.W.2d 223, 230 (Tex. App.--Fort Worth 1991, writ denied); McCullough v. McCullough, 483
S.W.2d 869, 870 (Tex. Civ. App.--Tyler 1972, no writ). Those cases are inapposite. Birdwell
and McCullough concern the enforcement of court-ordered child support provisions. See id. This
case, however, is a claim for breach of contract and does not involve any alleged violations of
court-ordered child support. Since this is a contract action at law for damages exceeding $500
arising from a final decree of divorce rendered in Comal County, the district court had subject
matter jurisdiction. Tex. Const. art. V, § 8; Tex. Gov't Code Ann. § 24.007 (West 1988). 
Additionally, appellant waived any possible objection to personal jurisdiction by his appearances
at the proceedings. We overrule Lloyd's eighth point of error.


Enforceable Contract

 We next address the issue of whether the court erred in finding that certain
provisions of the decree are contractual, and in the alternative whether the court should have
rendered any contractual agreement unenforceable due to its ambiguous terms. The father claims
that only parts of the decree are contractual, and specifically not the obligations at issue here.

 Absent a contractual agreement, there is no basis for a court to enforce child
support for children who have graduated from high school and are over the age of eighteen. See
Tex. Fam. Code Ann. § 154.001 (West 1996) (court may order either or both parents to pay child
support until child is eighteen years of age or until graduation from high school); Bruni v. Bruni,
924 S.W.2d 366, 367 (Tex. 1996). Both Matthew and Jessica were over the age of eighteen
during the time periods relevant to this dispute, and the support provision explicitly applies only
to expenses incurred after high school. Since there is no statutory obligation, Lloyd cannot be
obligated to pay for these expenses unless he is bound by a contract.

 Looking at the express language in the decree, it is apparent that both parties
intended to make the support provisions in the decree contractually binding. First, the decree
states: "The parties have consented to the terms of this decree and stipulated that the provisions
for division of assets and liabilities are contractual." We believe that an agreement to pay for
college expenses upon the performance of certain conditions is a liability as contemplated by this
clause. Second, following the enumeration of the children's expenses beyond high school which
the father will pay, the decree states that "[t]he provisions of this article may be enforced by the
parties or the child." Lloyd contends the entire provision is an unenforceable acknowledgment
of his parental obligations. Were we to interpret it as such, this last sentence would be
meaningless. However, we presume that the parties intended every clause to have some effect and
that no clause is meaningless. See Pinehurst v. Spooner Addition Water Co., 432 S.W.2d 515,
518 (Tex. 1968). We therefore reject the appellant's interpretation. Third and finally, both
parties signed the decree under the heading, "APPROVED AND CONSENTED TO AS TO
BOTH FORM AND SUBSTANCE." Appellant reminds us that courts should not decide cases
based upon the inclusion or omission of "magic words." See Oryx Energy Co. v. Union Nat'l
Bank of Tex., 895 S.W.2d 409 (Tex. App.--San Antonio 1995, writ denied). These are not "magic
words"; they are significant in determining what the parties intended, and we view them in the
light of all the language contained in the decree. Because the decree (1) expressly provides for
contractual enforceability of all liabilities; (2) makes the provisions concerning support beyond
high school enforceable by the children and both parties; and (3) was approved and consented to,
in form and substance, by both parties, we hold that the provision obligating the father to pay
certain educational and car expenses of the children beyond high school is an enforceable contract.

 Because the provision is included in the portion of the decree dealing with child
custody, visitation, and court-ordered child support, the father claims it is "child support" and
does not satisfy section 154.124(c) of the Texas Family Code. (1)
 See Tex. Fam. Code Ann.
154.124(c) (West 1996). We disagree. As we have just stated, the language used in the decree
shows that both parties intended the provision to be contractually binding. Section 154.124(c)
requires only that the agreement provide for contractual enforceability in order to be binding as
a contract. Since the parties used language showing an express intent to form a binding contract,
section 154.124(c) is satisfied, and this is an enforceable contract. See Elfeldt v. Elfeldt, 730
S.W.2d 657, 658 (Tex. 1987) (parties to agreement concerning support of nondisabled child over
eighteen binding on both parties if expressly contractual); see also Bruni, 924 S.W.2d at 368
(agreement for postmajority child support is enforceable contract where agreement said it would
survive court's judgment and marriage decree); Madnick v. Doelling, 713 S.W.2d 799, 801 (Tex.
App.--El Paso 1986, writ ref'd n.r.e.) (court-ordered child support agreement which provided for
enforcement of "covenants" by children is enforceable contract).

 Lloyd claims that even if we find the support provisions are contractual, they are
nevertheless void because they are ambiguous. However, even if a court finds certain terms
ambiguous, a contract may still be enforceable if it can be interpreted using standard rules of
construction to determine the parties' intent. National Union Fire Ins. Co. v. CBI Indus., Inc.,
907 S.W.2d 517, 520 (Tex. 1995). "An ambiguity does not arise simply because the parties
advance conflicting interpretations of the contract." Columbia Gas Transmission Corp. v. New
Ulm Gas, Ltd., 940 S.W.2d 587, 589 (Tex. 1996). Instead, we look to the contract as a whole,
in light of the circumstances surrounding its formation, to determine whether there is ambiguity. 
Id. In claiming the contract is ambiguous, Lloyd directs our attention to the requirement that he
pay for "any and all reasonable educational expenses." He fails to consider the sentence which
immediately follows: "This obligation will include tuition, books, and room and board . . . and
other charges normally related to such education." Since the only expenses for which the appellee
seeks to be reimbursed are tuition, books, room and board, the language of the contract explicitly
and unambiguously addresses the expenses at issue.

 The second phrase that Lloyd claims is ambiguous is the condition that each child
make "satisfactory progress and maintains at least a 'C' or equivalent grade-point average . . . and
is otherwise in good standing with the school or university." Though "satisfactory progress" and
"good standing" may lack some clarity, they are not fatally ambiguous. "Uncertainty or lack of
clarity is insufficient to render a contract ambiguous." Hofland v. Fireman's Fund Ins. Co., 907
S.W.2d 597, 599 (Tex. App.--Corpus Christi 1995, no writ). The record shows that both parties
agree that satisfactory progress is being made as long as the children are not on scholastic
probation, remain full-time students, and maintain a grade-point average equivalent to a C. Lloyd
claims that the C or equivalent grade-point average is not cumulative but must be maintained for
each semester. We disagree. "Grade point average" is defined as "a measure of scholastic
attainment computed by dividing the total number of grade points received by the total number
of credits or hours of course work taken." Random House Dictionary 827 (2d ed. 1987)
(emphasis added). The plain meaning of "grade point average" as defined is to compute the
cumulative average of all hours undertaken, rather than to compute a discrete average for each
semester. Under this definition, a student who maintained an A average for four semesters and
suffered a D average in one semester would have maintained a C average. We give words their
plain meaning unless it appears that this would defeat the parties' intention. See Reilly v. Rangers
Management Inc., 727 S.W.2d 527, 529 (Tex. 1987).

 The father also claims the requirement that each child remain in "good standing
with the school or university" as a condition of the father's payment of auto liability insurance is
ambiguous. As we have just noted, a lack of clarity does not mean a phrase is necessarily
ambiguous. Id. We believe "good standing" can be given a certain meaning akin to the
requirement of "satisfactory progress," i.e., that the children are not on scholastic probation,
remain full-time students, and maintain a grade-point average equivalent to a C. We are not
persuaded by Lloyd's contention that this provision is ambiguous because more conditions were
not imposed. "A failure to include more express language of the parties' intent does not create
an ambiguity." Columbia Gas Transmission Corp., 940 S.W.2d at 591. After looking at this
contract as a whole, we conclude that the terms the Lloyd claims are ambiguous provide a
sufficiently definite meaning. Because there is no genuine uncertainty as to which of two or more
meanings is correct in any of these phrases, there is no ambiguity. See Exxon Corp. v. West Tex.
Gathering Co., 868 S.W.2d 299 (Tex. 1993). We hold the agreement is unambiguous and is an
enforceable contract. We overrule points of error one and two.


Motion for New Trial

 The father claims that the trial court erred in denying his motion for a new trial
because the evidence was factually insufficient to support nine of the court's findings of fact and
nineteen of its conclusions of law. A review of a point of error contending that the trial court
erred in overruling a motion for new trial based upon the weight of evidence requires an
examination of all the evidence to determine whether the finding in question is so against the great
weight and preponderance of the evidence as to be manifestly unjust. See Weaver v. U.S. Testing
Co., 886 S.W.2d 488 (Tex. App.--Houston [1st District] 1994, writ denied); see also In re King's
Estate, 244 S.W.2d 660, 661 (Tex. 1951).

 The father mistakenly challenges the sufficiency of the evidence to support the
conclusions of law as if they were findings of fact. A trial court's conclusions of law are
reviewable only when attacked as erroneous as a matter of law--not when attacked on grounds of
insufficiency of evidence to support them. Aldrich v. State ex rel. Cox, 658 S.W.2d 323, 327
(Tex. App.--Tyler 1983, no writ); First Nat'l Bank in Dallas v. Kinabrew, 589 S.W.2d 137, 146
(Tex. Civ. App.--Tyler 1979, writ ref'd n.r.e.). Challenges to conclusions of law based on "no
evidence" grounds are not reviewable as proper points of error. Aldrich, 658 S.W.2d at 327;
Kinabrew, 589 S.W.2d at 146. However, the trial court necessarily draws its conclusions of law
from the facts as it finds them; so although the trial court's conclusions of law may not be
challenged on appeal for factual sufficiency, a trial court's conclusions drawn from the facts may
be reviewed to determine the correctness of those legal conclusions. Deck & Assoc. v. Crispin,
888 S.W.2d 56, 60 (Tex. App.--Houston [1st Dist.] 1994, writ denied). We will therefore review
the factual and legal sufficiency of the evidence to support the facts upon which the trial court
based its conclusions of law.

 Although he purports to attack nine findings of fact, Lloyd directs our attention to
only one example of why these are not supported by sufficient evidence. He asserts that the fee
receipt in evidence shows that he paid Jessica's tuition for the fall 1996 semester. He argues that
this evidence proves that he did not prevent her from registering for the spring 1997 semester by
withholding payment. This argument appears to be an attack on (1) finding of fact number four
that the father refused to pay certain costs which he was ordered to pay in the decree and (2)
conclusion of law number thirteen that the reason Jessica Burtch was less than a full-time student
for any semester of school for which payment has been requested was due to specific violations
of the contract by the father. Since no request for payment has been made for any of Jessica's
expenses for the spring 1997 semester, the court never concluded that Lloyd caused her to be less
than a full-time student in spring 1997. Even if the court had made that finding, it would be
inconsequential since Jessica's expenses for the spring 1997 semester are not involved in this
dispute. On the other hand, expenses for the fall 1996 semester are in dispute, and the trial court
ordered Lloyd to pay the tuition for that semester after finding he had not already paid it. The
evidence presented at trial was conflicting. Jennifer testified that Lloyd did not pay for Jessica's
fall 1996 tuition. Lloyd directs our attention to the fee receipt in evidence which indicates that
the bill was paid. The receipt does not indicate who paid the bill or when it was paid. This
conflicting evidence created a question of fact for the judge as fact-finder. Even if the tuition fee
was paid, the trial court could have determined that it was not timely paid or was not paid by the
father. A reviewing court cannot reweigh the evidence and set aside the fact-finder's conclusion 
simply because it feels a different result is more reasonable. See Pool v. Ford Motor Co., 715
S.W.2d 948, 950 (Tex. 1986) (citing Dyson v. Olin Corp., 692 S.W.2d 456, 458 (Tex. 1985)
(Robertson, J., concurring)). The trial court acting as fact-finder is the sole judge of the
credibility of the witnesses and is permitted to believe or disbelieve any evidence. Hatteburg v.
Hatteburg, 933 S.W.2d 522 (Tex. App.--Houston [1st Dist.] 1994, no writ). Its finding that Lloyd
failed to pay Jessica's fall 1996 tuition is not so against the great weight and preponderance of the
evidence as to be manifestly unjust. See Weaver, 886 S.W.2d at 490; see also In re King's Estate,
244 S.W.2d at 661.

 Lloyd fails to provide us with any other reasons why there is insufficient evidence
to support any other findings of fact. "The party not having the burden of proof when challenging
factual sufficiency of the evidence supporting an adverse finding must demonstrate that there was
insufficient evidence to support said finding." Raw Hide Oil & Gas, Inc. v. Maxus Exploration
Co., 766 S.W.2d 264, 275 (Tex. App.--Amarillo 1988, writ denied). Without more specificity
in his complaint, there is no adequate demonstration of the insufficiency of any of the findings he
attacks. We overrule Lloyd's sixth point of error.


Full-time Student Requirement

 The next issue Lloyd presents is whether the trial court erred by disregarding
evidence that Jessica failed to comply with the conditions that obligated her father to pay her
educational expenses. Lloyd fails to provide a standard under which we can review his complaint. 
Because he essentially disputes a finding of fact, we review the evidence under a factual
sufficiency standard. We will consider and weigh all the evidence in support of and contrary to
the finding. Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989). The contested
finding will be upheld unless (1) the evidence is too weak to support the finding, or (2) the finding
is so against the overwhelming weight of the evidence as to be manifestly unjust. Garza v. Alviar,
395 S.W.2d 821, 823 (Tex. 1965).

 Lloyd is mistaken in his contention that the trial court disregarded this evidence. 
After the first hearing in August 1996, the court noted that Jessica had in several instances failed
to satisfy the requirement that she remain a full-time student. The judgment rendered after that
hearing provided that the father "shall have no obligation to pay college tuition and/or other
college expenses for any semester in which the child was not a full time student." In her motion
for reconsideration, Jennifer asked the court to consider whether Jessica had substantially
complied with this requirement and whether her failure to comply fully was due to specific
violations of the contract by her father. The doctrine of substantial compliance excuses
contractual deviations or deficiencies which do not severely impair the purpose underlying the
contractual provision. See In re Doe, 917 S.W.2d 139, 142 (Tex. App.--Amarillo 1996, writ
dism'd w.o.j.); see also Missouri Pac. R.R. v. Dallas County Appraisal Dist., 732 S.W.2d 717,
721 (Tex. App.--Dallas 1987, no writ). At trial, both Jennifer and Jessica testified that Lloyd's
refusal to pay for Jessica's expenses forced her to work each semester. The time she invested in
working to support herself required her to reduce her course load and to drop several classes. 
There was sufficient evidence supporting Jennifer's contention that Lloyd's refusal to fulfill his
contractual obligation of support prevented his daughter from fully complying with the full-time
enrollment requirement. After reviewing all the evidence, we hold that the trial court's finding
that Jessica substantially complied with the conditions precedent and that the father's violations
of the contract prevented her from fully complying is not so against the great weight and
preponderance of the evidence as to be manifestly unjust. See id. We also hold that the evidence
lends adequate support to the finding that Jessica substantially complied with the other conditions
for each semester in dispute. For this reason, we overrule appellant's third and fourth points of
error.


Modification

 In his fifth point of error, appellant argues that the trial court erred by modifying
the contract and giving it retroactive effect. Since Lloyd has completely failed to direct our
attention to any instances where the court modified the contract and gave it retroactive effect, we
cannot adequately address this point of error. Appellate briefs must contain a "clear and concise
argument for the contentions made, with appropriate citations to authorities and the record." Tex.
R. App. P. 38(h). Because we are unable to discern the basis of Lloyd's complaint and because
he fails to show us how his argument applies to the facts of this case, we overrule this point of
error as waived. See Johnson v. Garza, 884 S.W.2d 831, 836 (Tex. App.--Austin 1994, writ
denied) (failure to discuss with specificity in appellate brief what acts constituted negligence and
failure to cite or refer to any material in statement of facts indicative of such negligence is waiver
of negligence issue).


Improper Computation

 Next we address whether it was error for the trial court to accept the calculations
in trial exhibit number one. The court found Lloyd liable for the expenses incurred in any
semester when the children were full-time students. The court held there was no obligation for 
Lloyd to pay the expenses of either child who was not a full-time student unless the reduced
course load was specifically due to the father's failure to pay under the contract.

 The court took into consideration the uncontested fact that Jessica was not a full-time student in the spring of 1996 but then found that Jessica had substantially complied with the
full-time requirement in all the semesters, including spring 1996. The father was thus liable to
pay all of Jessica's expenses in every semester at issue. Lloyd was not entitled to any credit for
Jessica's spring 1996 semester and does not direct us to any specific evidence supporting this
complaint. (2)

 It is also undisputed that Matthew was not a full-time student in fall 1996. The
court did not find that Matthew had substantially complied with the full-time student requirement
for this semester. Nevertheless, the court ordered the father to pay room and board for Matthew
for fall 1996. That semester he lived at home with his mother. The trial court decided $400 was
a reasonable monthly amount for his room and board for those months. Since there is no evidence
in the record to excuse Matthew's full-time attendance in fall 1996, we hold that Lloyd is not
liable for Matthew's room and board for the fall 1996 semester. Lloyd also claims the court failed
to give him credit for $262.37 paid for Matthew's books in fall 1996. Because the record does not
reveal and Lloyd fails to direct our attention to any place in the record where there is evidence of the
specific credit claimed, we cannot review this claim. Because the trial court's judgment incorrectly
held appellant liable for $1,600 for Matthew's room and board in fall 1996, we will modify the
judgment to reduce Lloyd's total liability under the contract by $1,600. See Tex. R. App. P.
43.2(b). We sustain in part and overrule in part appellant's seventh point of error.


Attorney's Fees

 Lloyd questions whether the final order correctly reflects the court's award of
attorney's fees on appeal. Jennifer requested and received an award of attorney's fees in the
amount of $10,000 "on appeal" and $5000 on appeal or petition for review (formerly writ of
error) to the supreme court. Absent a stipulation, there must be evidence presented to support an
award of attorney's fees. Arthur Anderson & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818
(Tex. 1997) (to recover attorney's fees plaintiff must prove that amount was reasonably incurred
and necessary to prosecution of case). The only evidence to support an award of attorney's fees
on appeal is the parties' agreement on the record that these requested amounts would be reduced
by one-half to resolve the issue of attorney's fees. While this agreement is sufficient evidence to
support attorney's fees of $5000 for an unsuccessful appeal to the court of appeals and $2500 to
the supreme court, there is no evidence to support attorney's fees of $10,000 on appeal and $5000
to the supreme court. We grant this last point of error and modify the judgment to reduce by one-half the amount of attorney's fees owed to the appellee in the event of the father's unsuccessful
appeals to the court of appeals and the supreme court, respectively. See Tex. R. App. P. 43.2(b).


CONCLUSION

 Holding that appellant is not liable for Matthew's room and board for the fall 1996
semester as alleged in point of error number six, we modify the judgment to order Lloyd to pay
total expenses of $12,016.79, in addition to the attorney's fees and court costs specified at trial. 
The judgment is further modified to order Lloyd to pay Jennifer $5000 in attorney's fees in the
event of an unsuccessful appeal to the court of appeals, as well as $2500 for attorney's fees in the
event of an unsuccessful appeal or petition for review to the supreme court. Having denied all
other points of error, we affirm the judgment of the district court as modified.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Modified and, as Modified, Affirmed

Filed: July 2, 1998

Publish

1. At the time of trial a prior version of section 154.124(c) would have been applicable. This
section was recodified at 154.124(c) without substantial change. See Act of April 6, 1995, 74th
Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 162. For convenience we refer throughout
to the current version.

2. We note that the trial court gave appellant a credit of $145.66 for the insurance premium
he paid in spring 1997, not spring 1996 as appellant claims. 


 1996 but then found that Jessica had substantially complied with the
full-time requirement in all the semesters, including spring 1996. The father was thus liable to
pay all of Jessica's expenses in every semester at issue. Lloyd was not entitled to any credit for
Jessica's spring 1996 semester and does not direct us to any specific evidence supporting this
complaint. (2)

 It is also undisputed that Matthew was not a full-time student in fall 1996. The
court did not find that Matthew had substantially complied with the full-time student requirement
for this semester. Nevertheless, the court ordered the father to pay room and board for Matthew
for fall 1996. That semester he lived at home with his mother. The trial court decided $400 was
a reasonable monthly amount for his room and board for those months. Since there is no evidence
in the record to excuse Matthew's full-time attendance in fall 1996, we hold that Lloyd is not
liable for Matthew's room and board for the fall 1996 semester. Lloyd also claims the court failed
to give him credit for $262.37 paid for Matthew's books in fall 1996. Because the record does not
reveal and Lloyd fails to direct our attention to any place in the record where there is evidence of the
specific credit claimed, we cannot review this claim. Because the trial court's judgment incorrectly
held appellant liable for $1,600 for Matthew's room and board in fall 1996, we will modify the
judgment to reduce Lloyd's total liability under the contract by $1,600. See Tex. R. App. P.
43.2(b). We sustain in part and overrule in part appellant's seventh point of error.


Attorney's Fees

 Lloyd questions whether the final order correctly reflects the court's award of
attorney's fees on appeal. Jennifer requested and received an award of attorney's fees in the
amount of $10,000 "on appeal" and $5000 on appeal or petition for review (formerly writ of
error) to the supreme court. Absent a stipulation, there must be evidence presented to support an
award of attorney's fees. Arthur Anderson & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818
(Tex. 1997) (to recover attorney's fees plaintiff must prove that amount was reasonably incurred
and necessary to prosecution of case). The only evidence to support an award of attorney's fees
on appeal is the parties' agreement on the record that these requested amounts would be reduced
by one-half to resolve the issue of attorney's fees. While this agreement is sufficient evidence to
support attorney's fees of $5000 for an unsuccessful appeal to the court of appeals and $2500 to
the supreme court, there is no evidence to support attorney's fees of $10,000 on appeal and $5000
to the supreme court. We grant this last point of error and modify the judgment to reduce by one-half the amount of attorney's fees owed to the appellee in the event of the father's unsuccessful
appeals to the court of appeals and the supreme court, respectively. See Tex. R. App. P. 43.2(b).


CONCLUSION

 Holding that appellant is not liable for Matthew's room and board for the fall 1996
semester as alleged in point of error number six, we modify the judgment to order Lloyd to pay
total expenses of $12,016.79, in addition to the attorney's fees and court costs specified at trial. 
The judgment is further modified to ord