

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00417-CV

CAMP ROOFING LTD, D/B/A CAMP
CONSTRUCTION SERVICES,

                                                        Appellants

 v.

PARK SIDE VILLAS I, LLC AND
KAREN IRWIN,

                                                        Appellees

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 07-001984-CV-85

## MEMORANDUM OPINION

Camp Roofing Ltd d/b/a Camp Construction Services appeals from an adverse

judgment rendered after a jury trial on its breach of contract claim and in favor of Park

Side Villas I, LLC and Karen Irwin[1] on their breach of contract claim.  We affirm in part

and reverse in part.

---

[1] These two parties filed a brief together and will be referred to as the single entity, Park Side.

## FACTUAL BACKGROUND

Charles Szabuniewicz formed a single-asset entity, Park Side Villas I, LLC, and bought an apartment complex in late 2006. After rejecting a "total renovation" estimate of $941,383, Park Side contracted with Camp in early 2007 to do some limited renovations on the property for a contract price of $204,000 which included replacing the "Hardie" board on some exterior portions of the property, renovating the office building for the property, and painting and repairing sheetrock in at least 35 apartment units. According to Park Side, all the renovations were verbally agreed to be completed within 6-8 weeks. Camp's progress on the project was not satisfactory to Park Side. Park Side paid two draws for $35,000 each to Camp for work-in-progress. When Camp wanted more of its money, Park Side refused due to what it considered was poor workmanship on what had been completed and the failure of Camp to timely renovate the 35 apartment units. Because friction had already been present in their communications, Camp anticipated this action and had filed a mechanic's lien. Camp then sued Park Side for breach of contract. Park Side filed a counterclaim for breach of contract. After a jury trial, Park Side was awarded a judgment against Camp for $25,488 for breach of contract plus $39,092.51 in attorney's fees.

Camp brings four issues on appeal. Because it has some bearing on the disposition to Camp's first issue, we dispose of Camp's third issue first.

## INADEQUATE BRIEFING

In its third issue, Camp asserts that the evidence established Park Side breached the contract with Camp as a matter of law or, in the alternative, the jury's refusal to find that Park Side breached the contract was against the great weight and preponderance of the evidence. The jury was asked in Question 1 of the jury charge, "Did Park Side Villas I, LLC or Camp Construction fail to comply with any agreement or agreements between them?" The jury answered "No" as to Park Side and "Yes" as to Camp. Camp's entire argument in its third issue consists of two short paragraphs. No case authority is included in those paragraphs. To present an issue for review, a brief must contain appropriate citations to authorities. TEX. R. APP. P. 38.1(i). Accordingly, this issue is inadequately briefed and presents nothing for review. *See id*. Camp's third issue is overruled.

## SUBSTANTIAL PERFORMANCE

In its first issue, Camp contends the doctrine of substantial performance was established as a matter of law. By Question 4 of the jury charge, the jury was asked, "Do you find that Camp Construction substantially performed its obligations under the agreement, if any?" The answer was "No."

To prove an action for breach of contract, a plaintiff must establish it performed, tendered performance of, or was excused from performing its contractual obligations. *Carr v. Norstok Bldg Sys., Inc.*, 767 S.W.2d 936, 939 (Tex. App.—Beaumont 1989, no writ);

*Acme Pest Control Co. v. Youngman*, 216 S.W.2d 259, 263 (Tex. Civ. App.—Waco 1948, no writ). "Substantial performance" is the legal equivalent to full performance and means that the essential elements or provisions of a contract have been performed. *Anderson v. Vinson Exploration*, 832 S.W.2d 657, 666 (Tex. App.—El Paso 1992, writ denied); *CraneTex, Inc. v. Precision Crane & Rigging of Houston, Inc.*, 760 S.W.2d 298 (Tex. App.—Texarkana 1988, writ denied). This is not the same as being excused from performing under the contract. When one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance. *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004).

The doctrine of substantial performance only excuses contractual deviations or deficiencies which do not severely impair the purpose underlying the contractual provision. *Burtch v. Burtch*, 972 S.W.2d 882, 889 (Tex. App.—Austin 1998, no pet.). For example, the doctrine allows a contractor who substantially performed a contract to sue on the contract rather than being limited to a cause of action for quantum meruit. *Vance v. My Apartment Steak House, Inc.*, 677 S.W.2d 480, 482 (Tex. 1984). When a contractor substantially performs a building contract, he is entitled to recover the full contract price less the cost of remedying those defects that are remediable. *Vance*, 677 S.W.2d at 481; *Atkinson v. Jackson Bros.*, 270 S.W. 848, 850 (Tex. Comm'n App. 1925, holding approved); *Dietz Memorial Co. v. Texas Steel Bldg. Co.*, 578 S.W.2d 872, 875 (Tex. Civ. App.—Waco 1979, writ ref'd n.r.e.). Thus, when a breaching contractor brings suit to

recover for his substantial performance and the owner alleges remediable defects in the construction, the contractor is required to prove 1) that he did substantially perform, 2) the consideration due him under the contract, and 3) the cost of remedying the defects due to his errors or omissions. *Vance v. My Apartment Steak House, Inc.*, 677 S.W.2d 480, 483 (Tex. 1984).

Camp contends that the evidence and the verdict establish substantial performance as a matter of law. It was Camp's burden to prove that it substantially performed under the contract. That is, Camp had to prove that it performed the essential provisions of its contract with Park Side. It was undisputed, and Camp even stresses that fact in its brief, that Camp did not complete the interior work of at least 35 units in the apartment complex. Park Side claimed that Camp was to perform the interior work on 37 apartment units. The evidence shows that Camp did not start that part of the renovation project, and had not even hired anyone to begin the work, before it ceased work under the contract because of a payment dispute.[2]

Whether renovation of the interior of those units was an essential provision of the contract between Camp and Park Side was, for purposes of the trial of the issue of substantial performance, a disputed issue. Park Side presented evidence that it wanted the 35-37 units to have sheetrock repaired and to be painted before the peak renting

---

[2] Park Side's failure to pay as Camp believed was required was the crux of Camp's breach of contract claim against Park Side. Camp might have been excused from performing under the contract because of Park Side's failure to pay, if that failure was a material breach of the contract. However, the jury did not find that Park Side breached the contract.

cycle for the fall semester at Texas A&M University.  Camp did not perform that part of the contract.  Whether performance of that part of the contract was an essential provision of the contract was for the jury to decide.  Accordingly, Camp did not establish as a matter of law the first element-that it performed the essential provisions of its contract-to recover under the doctrine of substantial performance.  Camp's first issue is overruled.

### CONFLICTING FINDINGS

In its second issue, Camp asserts that the jury's finding that $9,000 was "the reasonable and necessary costs to complete the work that [Camp] agreed to in the contract" conflicts with the jury's refusal to find that Camp substantially performed under the contract.  Camp argues that because the jury found that $9,000 would complete the work Camp contracted to perform and that Park Side suffered no amount of damages for lost rentals, there was "no reasoned basis on which the jury could have concluded that Camp did not substantially perform."  We disagree.

To have a "conflict" in jury findings, one answer must be in direct conflict with another.  For example, if "one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict." *Little Rock Furniture Mfg. Co. v. Dunn*, 222 S.W.2d 985, 991 (Tex. 1949), *modified on other grounds by Bradford v. Arhelger*, 340 S.W.2d 772 (Tex. 1960).  There was only one question for Park Side's damages.  While we do not

necessarily agree with the description of the measure of damages, the damages question relates only to the jury's finding in response to Question 1 of the jury charge, that Camp failed to comply with the agreement. Thus, the measure of damages is not in fatal conflict with the jury's refusal to find that Camp substantially performed. Camp's second issue is overruled.

## COSTS

In its fourth issue, Camp argues that the trial court erred in awarding Park Side "damages" relating to its costs incurred to "bond around the lien." As a part of the damages question, Question 6 in the jury charge, the jury was asked, "Answer in dollars and cents for each of the following elements separately…the reasonable and necessary costs incurred by Park Side Villas I, LLC to bond around the lien filed by Camp Roofing, Ltd. d/b/a Camp Construction Services." The jury answered: $16,488. This specific amount was given by Charles Szabuniewicz as the difference between interest paid and interest accrued on the bond taken out because of the mechanic's lien. Camp objected to this part of Question 6 and also raised its disagreement with the submission of the question in its "Motion to Disregard Jury Finding and for Judgment."

Park Side claimed at trial and claims on appeal that it is entitled to the $16, 488 as costs pursuant to section 53.156 of the Texas Property Code. Section 53.156 governs costs and attorney's fees in lawsuits brought under Chapter 53. That section provides:

> In any proceeding to foreclose a lien or to enforce a claim against a bond issued under Subchapter H, I, or J or in any proceeding to declare that any

lien or claim is invalid or unenforceable in whole or in part, the court may award costs and reasonable attorney's fees as are equitable and just.

TEX. PROP. CODE ANN. § 53.156 (West 2001) (footnote omitted).

Park Side did little more in its counterclaim than mention that Camp filed a mechanic's lien affidavit "in a wrongful manner." However, if it was entitled to costs at all under section 53.156, it was not entitled, as costs, to the amount it paid to "bond around" the lien. Section 53.156 plainly allows for the recovery of costs and attorney's fees in an action to declare a lien invalid; but nothing in its language indicates an intention to permit a recovery for anything other than costs of court and attorney's fees. *See e.g. Bluelinx Corp. v. Tex. Constr. Sys.*, 2011 Tex. App. LEXIS 605, 13-14 (Tex. App.—Houston [14th Dist.] Jan. 27, 2011, no pet.) ("…TCS was successful in its proceeding to foreclose on its lien, and the trial court did not abuse its discretion in awarding TCS costs. … Further, the judgment does not recite a specific amount of costs but merely states that '[a]ll costs of court are assessed against' Bluelinx. The clerk's record contains an itemization of costs, and TCS is entitled under the court's order to recover those costs of record."). The amount awarded by the jury was not costs of court or attorney's fees allowed by section 53.156. Thus, if the trial court awarded Park Side $16,488 as costs pursuant to section 53.156, it erred in doing so.

Camp maintains that the amount awarded was essentially damages and that damages are not permitted by Chapter 53 of the Texas Property Code. Assuming without deciding whether damages are permitted by Chapter 53, Park Side is also not

entitled to the award of $16,488 as damages because there was no determination by the jury regarding the validity of the mechanic's lien. If no element of an independent ground of recovery or defense that is not conclusively established by the evidence is included in the charge without request or objection, the ground of recovery is waived. TEX. R. CIV. P. 279; *DiGiuseppe v. Lawler*, 269 S.W.3d 588, 598 (Tex. 2008). Without a ground of recovery, there can be no award of damages. *See Holland v. Lesesne*, 350 S.W.2d 859, 865 (Tex. Civ. App.—San Antonio 1961, writ ref'd n.r.e.) ("A finding that the conversion was either malicious or willfully done is essential to a recovery of exemplary or punitive damages. This was plaintiff's issue, and the issue is waived in the absence of a request by plaintiff for the submission thereof. Rule 279, T.R.C.P. No such finding having been made or requested by Lesesne, the recovery of exemplary damages cannot stand.").

Park Side did not request the submission of a question in the jury charge regarding the validity of the mechanic's lien and did not object to the omission of such a question. Further, the validity of the mechanic's lien was not conclusively established by the evidence. Szabuniewicz and Karen Irwin, a managing member of Park Side, testified that Camp gave them the mechanic's lien at a meeting on July 3, 2007 where Camp had decided to cease performing under the contract. The lien had been signed the day before. Szabuniewicz also testified that he had to borrow more money because the mechanic's lien put a cloud on the title. He stated that the difference between

interest earned and accrued on the bond was $16,488. Szabuniewicz's and Irwin's testimony does not conclusively establish that the mechanic's lien was invalid. Accordingly, any ground for recovery on the validity of the mechanic's lien is waived, and the trial court erred in awarding Park Side $16,488 as damages for that waived ground.

Camp's fourth issue is sustained.

<h2 style="text-align:center">CONCLUSION</h2>

Having sustained Camp's fourth issue but overruling the remaining issues properly before us, we reverse the portion of the judgment which awards Park Side $16,488 as reasonable and necessary costs to bond around the lien filed by Camp, render judgment that Park Side take nothing as reasonable and necessary costs to bond around the lien filed by Camp, and reduce the amount of the judgment granted against Camp by $16, 488. The remainder of the trial court's judgment is affirmed.


TOM GRAY
Chief Justice


Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed in part, Reversed and rendered in part
Opinion delivered and filed November 2, 2011
[CV06]