

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00054-CV
_____

IN THE MATTER OF THE MARRIAGE OF
KYLE EUGENE HAWBAKER AND SHAUN DION MILLSAP

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 96906-E-FM, Honorable Douglas R. Woodburn, Presiding

January 28, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appearing pro se, Appellant Shaun Dion Millsap (Wife) appeals the division of the community estate in a divorce decree terminating her marriage to Appellee Kyle Eugene Hawbaker (Husband). We overrule Wife's appellate complaints and affirm the trial court's decree of divorce.

**Background**

Husband and Wife married in March 2005, and separated in October 2021. Husband filed for divorce in July 2022. Following a final hearing tried to the bench, the

trial court signed a decree of divorce on January 5, 2024. Findings of fact and conclusions of law were filed upon request.

Under the decree, Husband received all accounts in his name, his teacher retirement account (less $18,000 awarded to Wife through a qualified domestic relations order), financial accounts with Lincoln Financial and Invesco, a 2007 Toyota Tacoma, a 1977 Toyota Land Cruiser, and all personal property in his possession.

Wife was awarded all accounts in her name, her teacher retirement account, $18,000 from Husband's teacher retirement account through a qualified domestic relations order, a 2019 Volkswagen Beetle, all personal property in her possession, and a cash payment from husband. This payment was structured as $25,000, payable within five days of Wife obtaining Husband's release from the Volkswagen note, or alternatively, $12,500 if no release was obtained by January 15, 2024.[1]

Using the trial court's findings, the community assets awarded to each spouse were as follows:

**Community Assets to Husband:**

| | |
|---|---|
| Amarillo National Bank – 7312 | $ 361.00 |
| Amarillo National Bank- 7653 | $ 1,004.00 |
| Education Credit Union | $17,756.00 |

[1] Husband was the sole obligor on a loan secured by the Volkswagen; he made the payments on the note and the insurance. There is an indication in the record that the release was obtained before January 15, 2024.

| | |
|---|---|
| Toyota Tacoma | $10,000.00 |
| Toyota Land Cruiser | $10,000.00 |
| Assorted Personal Property | $ 5.000.00 |
| West Texas A&M Retirement | $ 20,997.00 |
| Invesco Retirement | $ 13,294.00 |
| TRS Retirement | $ 83,156.00 |
| **Subtotal** | **$161,568.00** |
| *Less Funds to Wife (TRS & cash for VW)* | -$43,000.00 |
| **Total Community Assets to Husband** | **$118,568.00** |

**Community Assets to Wife:**

| | |
|---|---|
| Education Credit Union | $ 4,786.00 |
| Amarillo National Bank | $899.00 |
| Chevrolet Camaro | $12,000.00 |
| Volkswagen Beetle ($21,823-$12,823) | $9,000.00 |
| Assorted Personal Property | $ 3,800.00 |
| TRS Retirement | $ 67,743.00 |

| | |
|---|---|
| **Subtotal** | **$98,228.00** |
| *Plus Funds from Husband* | +$43,000.00 |
| *Minus funds to pay off Volkswagen* | -12,823.00 |
| **Total Community Assets to Wife** | **$128,405.00** |

## Analysis

We review a trial court's property division under an abuse of discretion standard. *Swaab v. Swaab,* 282 S.W.3d 519, 524 (Tex. App.—Houston [14th Dist.] 2008, pet. dism'd w.o.j.).  A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to guiding principles.  *See Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex. 1985).  For alleged abuse of discretion due to insufficient evidence, we examine whether the trial court had sufficient evidence to exercise its discretion and properly applied that discretion.  *In re Marriage of Woolf,* No. 07-24-00123-CV, 2024 Tex. App. LEXIS 7178, at *2 (Tex. App.—Amarillo Oct. 7, 2024, no pet.) (mem. op.).

Discovery Issues

Wife contends she was hindered in presenting her case because Husband failed to produce compelled financial statements, bank statements, and itemized community property.  However, the record contains no order compelling discovery from Husband.  To raise this issue on appeal, it was incumbent on Wife to have first presented her complaint

4

to the trial court at a meaningful time and obtained an express or implicit adverse ruling. In the absence of such ruling, or any indication the trial court refused to rule with objection taken to the refusal, Wife's complaint is forfeited; nothing is preserved for appellate review. *See* TEX. R. APP. P. 33.1(a).

Denial of Due Process

We interpret Wife's brief to additionally argue that the trial court's failure to compel discovery denied Wife of her right to due process. We have already concluded that the record is devoid of a discovery order ruling adverse to Wife. Moreover, we find no reference in the record of Wife timely presenting her due process complaint to the trial court and obtaining an adverse ruling. Wife's due process complaint was not preserved and is therefore forfeited. TEX. R. APP. P. 33.1(a); *see In re M.A.H.*, No. 07-23-00320-CV, 2024 Tex. App. LEXIS 757, at *10 (Tex. App.—Amarillo Jan. 31, 2024, no pet.) (mem. op.) ("To preserve a constitutional claim for appellate review, a party must raise the issue in the trial court.").

Just and Right Division of Community Estate

Wife also complains of the trial court's division of the couple's community estate. A trial court must divide the community estate in a "just and right" manner. TEX. FAM. CODE ANN. § 7.001. The court has broad discretion in doing so, which we will not disturb absent a clear abuse of discretion. *Hailey v. Hailey,* 176 S.W.3d 374, 380 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The trial court may use its legal knowledge and its human understanding and experience when dividing community property. *Murff v. Murff,* 615 S.W.2d 696, 700 (Tex. 1981). Mathematical precision is usually not required. *Id.*

5

Summarizing the trial court's valuations of community property resulted in Husband receiving property valued at $118,568.00, and Wife receiving property valued at $128,405.00. This division of the community estate appears well within the trial court's discretion. Wife's complaints about the value of specific items[2] either lack evidentiary support in the record or fall within the trial court's discretionary authority as factfinder. We disregarded documents that Wife attached to her brief but were not admitted into evidence or a part of the appellate record.[3] *See Greystar, LLC v. Adams,* 426 S.W.3d 861, 865 (Tex. App.—Dallas 2014, no pet.) ("It is well-established an appellate court may not consider matters outside the record, which includes documents attached to a brief as an exhibit or an appendix that were not before the trial court.").

Wife raises several additional complaints about property division: that Husband dropped her from health insurance (though Husband testified he maintained her coverage until August 2023, nearly a year longer than she requested); that Husband's guns and knives should have been sold (though Wife valued the guns at $2,500 without examining them and assessed knife values on website pictures); and that Husband (who allegedly lived rent-free for a year) owes $7,850 for unpaid taxes and needed repairs to her separate property house. However, given the trial court's broad discretion to judge

---

[2] This includes alleged awards of "Star Wars collectibles," a "totem pole," and $4,000 allegedly spent on Husband's girlfriend's shop. These were neither included in the divorce decree or the court's findings and conclusions. Wife did not request additional findings regarding the value of these items. TEX. R. CIV. P. 298.

[3] For example, Wife contends the trial court significantly undervalued the Toyota Land Cruiser awarded to Husband, citing a J.D. Power average value of $43,500 in contrast to Husband's testimony that the "collector piece toy" investment was worth $10,000 to $15,000. The trial court found a value of $10,000. Because Wife offered no controverting evidence at final hearing and now relies solely on an exhibit outside the record, we cannot consider her valuation argument.

witness credibility and weigh evidence,[4] Wife has not shown the court acted arbitrarily or unreasonably in reaching its near-equal division of the estate, nor has she demonstrated that any error resulted in a manifestly unjust division requiring reversal. TEX. R. APP. P. 44.1(a)(1); *Worford*, 801 S.W.2d at 109; *Cook v. Cook*, 679 S.W.2d 581, 585 (Tex. App.—San Antonio 1984, no writ).

Denial of Reimbursement Claim

In the trial court, Wife sought reimbursement of $11,000 for alleged damages to her separate-property houses and $4,000 that Husband allegedly spent on his girlfriend's shop. In response, Husband testified that he paid between $2,500 and $2,800 in taxes on Wife's separate property after filing for divorce, plus $3,300 for plumbing repairs and labor. The trial court denied Wife's reimbursement claim and made no express ruling on Husband's offsetting requests.

Under Texas law, reimbursement rights arise when one marital estate's funds or assets benefit another estate without receiving a corresponding benefit. *Vallone v. Vallone,* 644 S.W.2d 455, 459 (Tex. 1982). These claims may flow in any direction between the community and separate estates. *Alsenz v. Alsenz,* 101 S.W.3d 648, 655 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). Under section 7.007 of the Texas Family Code, when evaluating a reimbursement claim, the trial court must apply a two-step analysis using equitable principles: (1) examine all circumstances of the spouses to determine whether to recognize a reimbursement claim, and (2) if reimbursement is warranted, to order a division of the claim, if appropriate, in a just and right manner with

---

[4] *See Burtch v. Burtch,* 972 S.W.2d 882, 888 (Tex. App.—Austin 1998, no pet.).

due regard for both parties' rights.  *See* TEX. FAM. CODE ANN. § 7.007.  Importantly, trial courts possess the same broad discretion in ruling on reimbursement claims as they do in dividing the community estate generally.  *In re Marriage of Bradley,* No. 07-16-00051-CV, 2016 Tex. App. LEXIS 12828, at *17 (Tex. App.—Amarillo Dec. 1, 2016, no pet.) (mem. op.).  Given our earlier conclusion that the trial court properly exercised its discretion in dividing the community estate, we similarly find no abuse of discretion in its handling of the competing reimbursement claims.

**Conclusion**

We overrule Wife's issues and affirm the trial court's final decree of divorce.


Lawrence M. Doss
Justice