Donna Gail BREDESON, Appellant,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellee.

No. 18345.

Court of Civil Appeals of Texas, Dallas.

June 20, 1974.

Rehearing Denied Aug. 28, 1974.

Randy Taylor, Dallas, for appellant.

Schuyler B. Marshall, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

GUITTARD, Justice.

This suit was brought to recover an alleged mistaken second payment of bond interest made by plaintiff Merrill Lynch, Pierce, Fenner & Smith, Inc. to defendant Donna Gail Bredeson. The trial court rendered judgment for plaintiff upon defendant's failure to appear for trial, and defendant appeals. We affirm on the ground that defendant's motion for new trial fails to "set up a meritorious defense."

Plaintiff alleges in its petition that defendant had an investment account with plaintiff which contained certain bonds, that plaintiff received from the obligor on these bonds an interest payment in the amount of $1,687.50, and that plaintiff paid this amount over to defendant twice. According to the petition, defendant had requested plaintiff to transfer the bonds to another broker, R. W. Pressprich & Company of New York, and when plaintiff's New York office delivered the bonds to Pressprich, it also delivered a draft for the amount of the interest payment, which Pressprich negotiated and credited to defendant's account. The petition further alleges that personnel in plaintiff's Dallas office, unaware of the payment to Pressprich, paid directly to defendant the same amount in two drafts, which defendant received, endorsed, and deposited in her bank account. This second payment is alleged to have been made by mistake, and its recovery is sought.

Defendant filed an answer containing a general denial. Trial was set on September 12, 1973, and defendant's counsel was notified. On September 11, he had to go to trial in Fort Worth in another case, and

when he returned to Dallas on the afternoon of September 12, he found that a "judgment nil dicit" had been rendered. He filed a motion for new trial and later an amended motion. The amended motion was never presented to the trial court, so far as the record shows, and was overruled by operation of law.

On this appeal defendant contends that the court erred in overruling the motion for new trial because defendant had a meritorious defense and her failure to appear for trial was not due to her negligence. Plaintiff does not contest defendant's excuse for not appearing at the trial, but insists that the judgment should be affirmed because of the absence of a meritorious defense.

■ For the purpose of this appeal, we treat the judgment as in the same category as one by default, although it is not a default judgment or even a "judgment nil dicit," as the trial court erroneously labeled it. A judgment nil dicit (or nihil dicit, "he says nothing") is a judgment for plaintiff rendered when the defendant has appeared but has failed to answer or when the answer has been withdrawn or abandoned and no further defense is made. Grand Lodge Brotherhood of Railroad Trainmen v. Ware, 73 S.W.2d 1076, 1077 (Tex.Civ. App.-Texarkana 1934, writ dism'd). Since defendant's answer was on file, judgment nihil dicit could not properly be rendered against her, and plaintiff was required to support the allegations of its petition with proof even though neither defendant nor her counsel appeared for trial. Paggi v. Rose Manufacturing Co., 259 S.W. 962, 966 (Tex.Civ.App.-Dallas 1924, writ ref'd). The mistake in terminology is of no consequence, however, since the judgment recites that evidence was heard, and in the absence of a statement of facts we presume that the evidence was sufficient to support the judgment.

■ Except for the requirement of proof of the allegations of the petition, a judgment rendered after defendant has answered but has failed to appear for trial is in the same category as a judgment by default so far as the trial court's discretion in overruling a motion for new trial is concerned. Ivy v. Carrell, 407 S.W.2d 212, 213 (Tex.1966); Fort Worth v. Gause, 129 Tex. 25, 28, 101 S.W.2d 221, 222 (1937). The rule for determining whether the trial court's discretion has been abused is stated in Craddock v. Sunshine Bus Lines, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939), as follows:

> A default judgment should be set aside and a new trial ordered in any case in which the failure of defendant to answer before judgment was not intentional, or a result of conscious indifference on his part, but was due to a mistake or accident, provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

■ The requirement of a motion that "sets up a meritorious defense" has been explained by the Supreme Court as including two elements: (1) allegation of facts which in law constitute a defense, as distinguished from a legal conclusion that defendant has such a defense, and (2) support of such an allegation by affidavits or other evidence proving prima facie that defendant has a meritorious defense. Ivy v. Carrell, *supra,* 407 S.W.2d at 214.

■ Neither of these elements is established here. The only allegation of a defense in the amended motion for new trial is the following:

> The double payments complained of in Plaintiff's original petition were due and owing Defendant and her father and sister in that Defendant's father and sister each had accounts with Plaintiff that caused Plaintiff to owe Defendant, her father and sister three payments in the amount of $1,687.50 each, and that the

two payments complained of here amount to no more than a payment on a second account that was owed to Defendant's father by Plaintiff. Defendant would say that the Plaintiff owed on the three accounts above mentioned the total of $5,062.50 and that when all payments are totaled up and payed [sic] to Defendant, her father and her sister by Plaintiff, that the total of these amounts will not be an amount larger than $5,062.50.

The first element required by *Ivy* is not shown because the facts alleged in the motion, if proved, would not constitute a defense to the cause of action alleged in the petition. No defense to plaintiff's claim of mistaken payment is stated by defendant's allegation that plaintiff owed the same amount to another party. Even if plaintiff did owe the same amount to defendant's father or sister, proof of that obligation would not entitle defendant to keep the money paid to her by mistake.

Likewise, the second element is not shown because the allegations of the amended motion are not "supported by affidavits or other evidence." The amended motion appears to be sworn to by defendant's counsel but fails to show that counsel had personal knowledge of the matters alleged. The motion itself fails to state the specific facts on which the defense is based. The statement that the second payment was "no more than a payment on a second account owed to Defendant's father by Plaintiff" is an unsupported conclusion of law in absence of any allegation of facts showing that the payment was intended for the account of defendant's father and that she was her father's agent to receive such a payment. An affidavit of defendant's father is attached to her answer, but this affidavit, likewise, contains no recitation of specific facts which would support such a conclusion.

Since the amended motion for new trial fails to allege facts constituting a defense,

and is not supported by affidavits or other evidence proving prima facie that defendant had a meritorious defense, it does not "set up a meritorious defense," and no abuse of the trial court's discretion is shown.

Affirmed.