101 S.W.3d 480 (2002)
In the Interest of A.M. and B.M., children.
No. 13-00-649-CV.
Court of Appeals of Texas, Corpus Christi-Edinburg.
July 18, 2002.
Rehearing Overruled April 24, 2003.
*483 John Cornyn, Atty. Gen., Rhonda Pressley, Asst. Atty. Gen., Austin, Amy Vanessa Morales-Knight, Texas Atty. Gen. Office-Child Support, Houston, for appellant.
George W. Dana, James Thomas Clarke, Jr., Joe Houston Rentz, Jr., Houston, for appellees.
BEFORE: Justices HINOJOSA, CASTILLO and AMIDEI.[1]

OPINION
MAURICE AMIDEI, Justice (Assigned).
This is an appeal from a judgment of the 308th District Court of Harris County, Texas, which affirmed a money judgment for child support arrearage rendered by a Title IV-D[2] master.
As assignee of Catherine Chism, the mother of the children Brent Edmond Mullen and Adrienne Michelle Mullen, the Attorney General of Texas, appellant, providing Title IV-D services, and representing the interests of the state, sued Timothy Allen Mullen, appellee, to reduce alleged unpaid child support to judgment.
Appellee answered the suit alleging as a defense that Chism voluntarily relinquished possession and control of the children to him for extended periods of time in excess of court ordered visitation; that he provided actual support to the children during those periods of time; and asserted his right to offset all such support against Chism's claim.
In addition, appellee filed a cross motion against Chism for reimbursement of the amount of child support he was ordered to pay during the periods he had possession of the children and to reduce same to judgment. Chism was served with the cross motion, and although she personally appeared at the hearing of the motion, she was defaulted by the trial court because she failed to file an answer.
The Title IV-D child support master's judgment against appellee in the amount of $2,331, without interest, was appealed to the district court by appellant and appellee who now appeal the district court judgment affirming the master's judgment to this Court. Chism did not appeal.

Appellant's Standing
Appellee challenges appellant's standing to appeal the portion of the trial court's ruling adverse to Chism regarding his cross motion in view that she did not file a notice of appeal.
Employed as an attorney to provide Title IV-D services, appellant represents the interest of the state and not the interest of any other party. Tex.Fam.Code Ann. § 231.109(d) (Vernon 1996). Appellant's services under Title IV-D did not provide legal representation to Chism and no attorney-client relationship was created between appellant and Chism. Id. The trial court correctly struck an answer the appellant attempted to file on behalf of Chism. Chism represented herself pro se and did not file a notice of appeal. Tex.R.App.P. 25.1(c).
Therefore, we cannot consider any issue raised by appellant which contends for more favorable relief to Chism than received from the trial court regarding appellee's cross motion. Tex.R.App.P. 25.1(c).
*484 The provisions of section 157.008 of the Texas Family Code provide an affirmative defense to a motion for enforcement of child support which appellee was entitled to urge to defend against appellant's suit. Tex.Fam.Code Ann. § 157.008(a), (b) (Vernon 1996). Other provisions of section 157.008 provide a claim for reimbursement available to appellee only against Chism. Tex.Fam.Code Ann. § 157.008(d), (e) (Vernon 1996). Appellant has no standing to defend Chism's interests or to represent her as her attorney against appellee's claim for reimbursement. We accept as true the facts stated in appellee's brief as to his cross motion because Chism did not contradict them in a brief and appellant did not have standing to contradict them in her behalf. Tex.R.App.P. 38.1(f). We cannot consider any of appellant's issues which seek to represent or defend Chism's interests in opposing appellee's reimbursement claim. We will consider each issue to determine whether it questions appellee's right to a defense to appellant's motion or his right to reimbursement in support of his cross motion.

Standard of Review
In a divorce suit, the discretion of the trial court as to the amount of child support to be paid by a parent will be disturbed on appeal only where the record shows a clear abuse of discretion. Abrams v. Abrams, 713 S.W.2d 195, 196 (Tex. App.-Corpus Christi 1986, no writ); Hardin v. Hardin, 351 S.W.2d 268, 268 (Tex. Civ.App.-Waco 1961, no writ). Abuse of discretion is determined by examining whether the trial court acted without reference to any guiding principles. Tesch v. Stroud, 28 S.W.3d 782, 786 (Tex.App.-Corpus Christi 2000, pet. denied). "A trial court has no discretion in `determining' what the law is or in applying the law to the facts." Walker v. Packer, 827 S.W.2d 833, 840 (Tex.1992).
We must consider what effect we should give to clear, unambiguous statutes that were drafted by the Legislative Council as part of the codification process but that depart from prior law. Fleming Foods of Tex., Inc. v. Rylander, 6 S.W.3d 278, 283-84 (Tex.1999). Under the Code Construction Act, see Tex. Gov't Code Ann. §§ 311.001-311.034 (Vernon 1998 & Supp. 2002), which applies to the Texas Family Code, we may consider prior law, the circumstances under which the law was enacted, and legislative history, among other matters, to aid us in construing a code provision "whether or not the statute is considered ambiguous on its face." Tex. Gov't Code Ann. § 311.023 (Vernon 1998); Fleming Foods, 6 S.W.3d at 283. "But prior law and legislative history cannot be used to alter or disregard the express terms of a code provision when its meaning is clear from the code when considered in its entirety, unless there is an error such as a typographical one." Fleming Foods, 6 S.W.3d at 284. Nor can the Code Construction Act's directive to the Legislative Council to refrain from changing the sense, meaning, or effect of a previous statute be used as a basis to alter the express terms of a code that the Legislature enacts as law, even when the Council's language does change the prior, repealed law. Tex. Gov't Code Ann. § 323.007(b) (Vernon 1998); Fleming Foods, 6 S.W.3d at 284.
Unchallenged findings of fact are binding on appellant and must be accepted by this Court as conclusive undisputed facts. Smith v. Hues, 540 S.W.2d 485, 489 (Tex.Civ.App.-Houston [14th Dist.] 1976, writ ref'd n.r.e.). When the appellant challenges the trial court's conclusions of law, the court of appeals may sustain the judgment on any legal theory supported by the evidence. Kotis v. Nowlin Jewelry, Inc., *485 844 S.W.2d 920, 922 (Tex.App.-Houston [14th Dist.] 1992, no writ). Incorrect conclusions of law will not be reversed if the findings of fact support a correct legal theory. Id.

Issues Presented
Appellant's first issue which is designated as A instead of one, states:
The evidence was legally and factually insufficient to support a finding that Mullen was entitled to any offset against his child support arrearage for actual support he provided to the children.
This issue questions whether there was sufficient evidence to support the trial court finding that appellee was entitled to an offset under section 157.008(d), but does not focus the discussion or make any conclusion that appellee was not entitled to a defense under section 157.008(a), (b). TEX. FAM.CODE ANN. § 157.008 (Vernon 1996). Appellee could assert and be entitled to the defense without claiming an offset. The offset is of more consequence to Chism than to appellant because had appellee only asserted the defense and no offset, Chism would only lose any further support money. However, where appellee asserts the offset too and is successful, not only does Chism lose any further support money, but she is also required to reimburse appellee for support money. The only interest of the appellant is to reduce child support arrearage to judgment and assist in the collection of the judgment. The offset is clearly Chism's interest and, as discussed above, the appellant cannot represent her interest. Appellant does not have standing to raise this issue because it questions appellee's right to an offset rather than whether he is entitled to a defense.
Even if appellant had standing to raise this issue, Chism admitted the facts alleged in appellee's cross motion when she was defaulted, and the findings of fact of the trial court establish: (1) that appellee provided actual support for the children during the periods Chism voluntarily relinquished possession to him from December 15, 1985 until June 18, 1988, and from May 20, 1994 until July 20, 1996; (2) that Chism provided no support during such periods; (3) the amounts of arrearage, and payments; (4) the amounts of offset and reimbursement to which appellee was entitled, as follows:

Total child support ordered .... $79,625.00
Total child support paid ....... 44,175.00
 __________
Balance after payments ......... 35,450.00
Total amount of offset allowed
 by trial court ............... 26,100.00
 __________
Balance after offset ........... 9,350.00
Total amount of reimbursement
 allowed by trial court ........ 15,196.86

The difference between the child support owed after the offset and the amount of reimbursement ($15,196.86-$9,350) or $5,846.86 is the amount of the judgment appellee claims the trial court should have rendered in his favor. The trial court agreed with appellee as to his claims of offset and reimbursement but affirmed the IV-D Court Child Support Master's judgment against appellee in the amount of $2,331.00, concluding the Master exercised its discretion to not allow all offsets and credits, and in partial consideration thereof to assess no interest. (emphasis supplied).
Appellant argues that Chism should not have been defaulted because she appeared personally at the trial. A judgment nil dicit (or nihil dicit, "he says nothing") is a judgment for plaintiff rendered when the defendant has appeared but has failed to answer or when the answer has been withdrawn or abandoned and no further defense is made. Bredeson v. Merrill Lynch, 513 S.W.2d 110, 112 (Tex.Civ.App.-Dallas 1974, no writ). The *486 trial court correctly cited the Bredeson case when ruling that Chism was defaulted. The "default" or nihil dicit judgment granted appellee was a judgment by confession, carrying with it more strongly the admission of the justice of appellee's cause of action, and operates as a waiver of more errors than a judgment by default. Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979). Because of the default, Chism admitted the facts alleged in appellee's cross motion as to the dates of appellee's possession and control of the children, including the allegation appellee provided "actual support".[3] For the period from December 15, 1985 until June 15, 1988, Chism admitted she provided no support to appellee. Even without the default, the trial court could have inferred from the testimony that since Chism did not provide support during the alleged periods of possession, appellee did provide support directly to the children during those periods. Mathews v. Warren, 522 S.W.2d 569, 570 (Tex.Civ. App.Austin 1975, writ ref'd n.r.e.) (trial court, in reaching its ultimate finding, had the right to consider all facts and circumstances in evidence and to indulge in reasonable inferences to be drawn from them).
The findings of fact filed by the trial court established the alleged periods of voluntary possession the children were relinquished to appellee by Chism, that Chism provided no support, and appellee paid actual child support during those periods in the amount of $450.00 per month.[4] These specific findings were not attacked or challenged by appellant in the trial court or by a specific issue in its original brief in this appeal. For the first time and after appellee mentioned in his brief that appellant had not challenged these findings, the appellant made the statement in its reply brief that appellee's contention in such regard lacks merit without citing authority or developing any argument to support the statement. Tex. R.App.P. 38.1(e). We will not consider appellant's contention that the findings of the trial court were challenged because it is a new issue not raised in appellant's original brief. Smith, 540 S.W.2d at 489. The briefing rules do not allow an appellant to include in a reply brief a response to some matter pointed out in appellee's brief not raised by appellant's original brief. Tex. R.App.P. 38.3; see also Anderson Producing, Inc. v. Koch Oil Co., 929 S.W.2d 416, 424 (Tex.1996) (holding that issue of disqualification of counsel "not properly raised" where only reference to the issue was in reply brief); Barrios v. State, 27 S.W.3d 313, 322 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd).
It is well settled that absent a proper attack on material findings of fact they are binding on appellant and must be accepted by this court as conclusive undisputed facts. Smith, 540 S.W.2d at 489. Unchallenged findings occupy the same position and are entitled to the same weight as the verdict of the jury. McGalliard v. Kuhlmann, 722 S.W.2d 694, 696 (Tex.1986).
Even assuming appellant had challenged the findings of fact, appellant's argument that appellee was required to prove a itemized account of expenditures *487 for actual support is not supported by the cases cited by appellant because they were decided prior to the enactment of section 157.008(e) which omits the language:
"... the child support order continues unabated until further order of the court..."
contained in the prior section 14.41(c), and instead provides an affirmative defense to the enforcement of child support when the obligee voluntarily relinquishes to the obligor actual possession and control of a child. Tex.Fam.Code Ann. § 157.008 (Vernon 1996).
The Curtis v. Curtis, 11 S.W.3d 466, 473-74 (Tex.App.-Tyler 2000, no pet.), case cited by appellant was decided after the enactment of section 157.008(e) but uses as authority cases decided prior thereto, and does not reach the issue of whether the amount of periodic payments previously ordered should be the amount of the offset because there was an absence of evidence of any actual support in that case.
Appellant attempts to raise another new argument in its reply brief that section 157.008 was intended by the Legislature to be a nonsubstantive change to the former section 14.41(c) and therefore we must look to the prior section 14.41(c) and the cases decided thereunder, and disregard any changes made by section 157.008 which support appellee's claim because appellee "conveys" or says the change was substantive. As discussed above, since this is a new issue raised in appellant's reply brief, we will not consider it. See Tex.R.App.P. 38.3; Barrios, 27 S.W.3d at 322; Anderson Producing, Inc., 929 S.W.2d at 424; Smith, 540 S.W.2d at 489.
Even if the issue were properly raised, the authorities and argument made by appellant do not support it. Apparently, appellant is attempting to invoke the doctrine of legislative acceptance which contemplates that when an ambiguous statute is reenacted without substantial change in verbiage, it will ordinarily receive the same construction. Fleming Foods, 6 S.W.3d at 282. However, such doctrine is not applicable in this case because there is a substantial change in the language of the revised statute, and neither the old or new statute is ambiguous. Id. at 282-84. The Jones v. Fowler, 969 S.W.2d 429, 432-33 (Tex.1998), case cited by appellant does not apply and must be distinguished as the Supreme Court of Texas did in the Fleming case because the codification in question in that case held the words "six months preceding" had the same meaning as the prior law that said "six months immediately preceding" and was not a substantive change. See Fleming Foods, 6 S.W.3d at 283.
When the Texas Family Code was recodified in 1995 and section 157.008 was enacted, title 2 thereof, which included section 14.41(c), was expressly repealed.[5]
We believe the legislature specifically intended to correct the inequity resulting when someone in appellee's position failed to make an exact accounting of expenditures. It is not fair or reasonable to expect persons in appellee's position to keep records which may be needed to be presented in court someday. Ordinarily, the obligee is not required to make and/or file accountings to show how child support money was spent. Appellee became the obligee when he had possession of the children as alleged. There should be no more of a requirement that he account for the money spent as actual support than Chism had for the child support money she received from appellee. Otherwise the new legislation would have been useless *488 and/or unreasonable. Hunter v. Fort Worth Capital Corp., 620 S.W.2d 547, 551 (Tex.1981). The new defense would not have afforded relief as intended because of the obvious problems of proof which have occurred in the past.
Appellee argues this subsection authorized the trial court to allow an offset, and reimbursement in amounts equal to the amount of periodic payments previously ordered by the court. We agree. The trial court agreed too but did not allow appellee the full amount in an attempt to exercise discretion in such regard. However, once the entitlement to the offset or reimbursement is established, the trial court must allow the full amount thereof. Section 157.008 does not provide any discretion to allow only a part of the offset or reimbursement. Tex.Fam.Code Ann. § 157.008 (Vernon 1996). The trial court relied on section 157.262(f)[6] for "permissive" authority to allow a counterclaim or offset against a child support arrearage. Section 157.262(f) provides that the money judgment for arrearages may be subject to a counterclaim or offset as provided by this subchapter but does not give the court the discretion to only allow part of an offset or credit, and in partial consideration thereof, to assess no interest as the trial court did in this case. Tex.Fam.Code Ann. § 157.262(f) (Vernon Supp.2002). The trial court did not have the discretion to reduce the amount of appellee's offset or reimbursement from $5,846.86, to a minus $2,331.00 after allowing the offset and reimbursement.
Appellant's first issue designated as issue A is overruled.
Appellant's second issue which is designated issue B states as follows:
The offset or counterclaim authorized by Texas Family Code section 157.008 is limited to the amount of periodic payments previously ordered by the court.
Appellant argues that appellee is not entitled to either an offset or reimbursement because he failed to prove he spent at least $450 per month, the amount previously ordered by the court.
As discussed above, appellant has no standing to raise this issue, but even if appellant had standing, the unchallenged trial court findings of fact found the actual amount of support appellee provided was $450 per month, and that he was entitled to an offset and reimbursement based on such amount.
Appellant's second issue designated as issue B is overruled.
Appellant's third issue which is designated as issue C states as follows:
The trial court awarded impermissible, constructive, retroactive child support against Chism.
Appellant complains that the effect of the trial court finding a reimbursement to appellant constitutes an award of retroactive child support against Chism and calls it double dipping.
Appellant does not appeal the award of reimbursement against Chism, and does not have standing to raise this issue on behalf of Chism. Even if appellant had standing, the trial court had authority to award reimbursement pursuant to section 157.008(d),(e); and, sections 154.009 and 156.401 do not prohibit reimbursement as argued by appellant. Tex. *489 Fam.Code Ann. §§ 154.009, 156.401 & 157.008(d),(e) (Vernon 1996 & Supp.2002). The purpose of section 154.009 is to authorize a court to order a parent to pay retroactive child support where the parent had not been a party to the suit when the child support was previously ordered. Id. at § 154.009. Appellee and Chism were both parties to the suit when child support was previously ordered, so section 154.009 is not applicable. Section 156.401 only prohibits modifications of child support obligations accruing after service of citation or appearance in modification suits. Id. at § 156.401. Appellee's cross motion is not a suit to modify, nor was appellee required to file a modification suit. The ordered reimbursement is neither a new child support order or a modification of an old order. It was a substitution or novation of part of the child support obligation for a limited period based on the voluntary arrangements of the parties, the evidence of the parties' respective incomes,[7] and the fact the children had been adults for a number of years. The reimbursement as compared to appellee's child support obligation is a relatively small, short term obligation. It was expressly authorized by section 157.008(e) for the limited specific purpose of reimbursement in certain situations involving voluntary relinquishment of possession of children. Id. at § 157.008(e). Appellee was entitled to two remedies, a defense and a reimbursement, and although appellant calls it double dipping, no authority has been cited to show it is unlawful or improper. No impermissible, constructive, or retroactive child support was awarded against Chism by the trial court.
Appellant's third issue designated as C is overruled.
Appellant's fourth issue designated as issue D states as follows:
The trial court erred in defaulting Chism when she was present at and participated in the trial.
Appellant claims it is authorized by assignment to represent Chism in challenging the trial court defaulting her. However, an attorney employed to provide Title IV-D services, as appellant was in this case, represents the interest of the state and not the interest of any other party. Tex.Fam.Code Ann. § 231.109(d) (Vernon 1996). As discussed above, appellant does not have standing to represent Chism in challenging the default judgment against her on appellee's cross motion.
Even if appellant had standing, the default was proper even though Chism was present at the hearing. See Bredeson, 513 S.W.2d at 112. Appellant did not challenge appellee's proof of damages as reflected in the trial court finding of fact and conclusions of law, except by argument on appeal as to their legal effect. Appellant's lack of standing prohibited appellant from making a challenge to appellee's cross motion proof. In any event, we cannot consider this issue, in the absence of a notice of appeal filed by Chism, because it contends for more favorable relief to Chism than she received from the trial court regarding appellee's cross motion. Tex. R.App.P. 25.1(c).
Appellant's fourth issue designated as D is overruled.
Appellant's fifth issue designated as E states as follows:
The trial court erred by ordering that no interest would accrue on the child support judgment.
*490 Appellant claims the trial court had no discretion to forgive, waive, abate, or otherwise refuse to award less than the full amount of interest under section 157.265(b). See Tex.Fam.Code Ann. § 157.265(b) (Vernon Supp.2002). The trial court ordered no interest would accrue on the judgment against appellee. We have not been cited any authority which gives the trial court discretion to not award the full amount of statutory interest when child support arrearage is determined. Appellee claims the appellant failed to preserve this issue for appeal because it was not included in appellant's motion for new trial. We disagree. Appellant's complaint is not one required to be included in a motion for a new trial. Tex.R.Civ.P. 324(b). However, since the trial court should have rendered judgment in favor of appellee instead of against him, the trial court error did not cause the rendition of an improper judgment. Tex. R.App.P. 44.1(a)(1). Instead, appellee would have had the same complaint had the trial court awarded him the judgment and failed to award interest. The trial court should have awarded appellee judgment including interest under section 157.265(b).
Appellant's fifth issue designated as issue E is overruled.
Appellee urges a cross point which contends that based on the findings of fact and conclusions of the trial court awarding him an offset and reimbursement, and after deducting the support he actually paid, judgment should have been rendered in his favor against Chism in the amount of $5,846.86, instead of the judgment of $2,331 rendered in appellant's favor against him. We agree.
Appellee's cross point is granted.
We affirm the part of the trial court findings and judgment which support appellee's defense, offset and counterclaim, but reverse the part which grants judgment in favor of appellant against appellee in the amount of $2,331, and render judgment that appellant take nothing from appellee, and appellee is granted judgment against Chism in the amount of $5,846.86 plus interest pursuant to section 157.265(f) of the Texas Family Code.
NOTES
[1] Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).
[2] Tex.Fam.Code Ann. § 201.101 (Vernon 1996).
[3] Whether judgment is in the nature of nihil dicit or post-answer default by striking of the defendant's answer, they are all treated substantially the same way, and default judgment admits facts which are properly alleged. Fears v. Mech. & Indus. Technicians, Inc., 654 S.W.2d 524, 529-30 (Tex.App.-Tyler 1983, writ ref'd n.r.e.).
[4] Except during the period appellee provided for Brent alone from May 20, 1994 until July 20, 1996 the amount was found to be $46.18 per month.
[5] Act of April 6, 1995, 74th Leg., R.S., ch 20, § 1, 1995 Tex.Gen.Laws 113, 113-282.
[6] The trial court refers to section 157.262(b) of the Texas Family Code, which was redesignated as section 157.262(f), effective September 1, 2001. See Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex.Gen.Laws 113, 184, amended by Act of May 28, 2001, 77th Leg., R.S., ch. 392, § 1, 2001 Tex.Gen. Laws 677, 678. We will refer to the current designation of this statute.
[7] Chism's 1996, 1997 and 1998 Federal Income Tax Returns were admitted into evidence.