NUMBER 13-02-361-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


IN THE INTEREST OF A.G. & D.G., MINORS

 


On appeal from the 94th District Court of Nueces County, Texas. 

 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Garza


Opinion by Justice Garza


 

This appeal arises from a suit in which appellant, Cindy Mahoney Arnold ("Arnold"),
sought to establish the paternity of her two children, A.G. and D.G., and to have child
support awarded. The suit named appellee, Abraham Garcia, III ("Garcia"), as the father
of both children. Garcia admitted his paternity of Arnold's children, and after reviewing
evidence regarding Garcia's personal income and finances, the court ordered him to pay
Arnold both current and retroactive child support for A.G. and D.G. On appeal, Arnold
argues that the trial court erred in calculating Garcia's resources for purposes of
determining support. We reverse and remand.

Arnold's challenge regards workers' compensation payments. In its order, the trial
court found that Garcia had received "$480.28 per month for 66 weeks" during the relevant
time period. The order also acknowledged and denied Arnold's request that such
payments be included in Garcia's net resources for purposes of calculating retroactive child
support payments. On appeal, Arnold does not dispute the court's finding that Garcia
received benefits but argues that the trial court should have included the amount in
Garcia's resources. We agree. 

The Texas Family Code gives express instructions for determining child support
liability. In relevant part, those provisions state:

(a) The court shall calculate net resources for the purpose of determining
child support liability as provided by this section.  

(b) Resources include:

* * * 
(5) all other income actually being received, including severance pay, 
    retirement benefits, pensions, trust income, annuities, capital gains, 
   social security benefits, unemployment benefits, disability and 
    workers' compensation benefits, interest income from notes 
 regardless of the source, gifts and prizes, spousal maintenance, and 
 alimony. 


Tex. Fam. Code Ann. § 154.062(a), (b)(5) (Vernon 2002).

The determination of the amount of child support to be paid is left to the discretion
of the trial court and will not be disturbed on appeal absent a clear showing of abuse of
discretion. Abrams v. Abrams, 713 S.W.2d 195, 196 (Tex. App.--Corpus Christi 1986, no
writ); see also In re L.R.P., 98 S.W.3d 312, 313 (Tex. App.--Houston [1st Dist.] 2003, pet.
denied); In re A.M., 101 S.W.3d 480, 484 (Tex. App.--Corpus Christi 2002, no pet.);
Schuster v. Schuster, 690 S.W.2d 644, 645-46 (Tex. App.--Austin 1985, no writ); Bible v.
Bible, 631 S.W.2d 177, 178 (Tex. App.--Houston [1st Dist.] 1981, no writ). The test for
abuse of discretion is whether the trial court acted without reference to any guiding rules
or principles; in other words, whether the act was arbitrary or unreasonable. Worford v.
Stamper, 801 S.W.2d 108, 109 (Tex. 1990); see also Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court has no "discretion" in determining
what the law is or applying the law to the facts. Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992). Thus, a clear failure by the trial court to analyze or apply the law correctly will
constitute an abuse of discretion. Id. In this case, the trial court's order finds that Garcia
received workers' compensation benefits. Without explaining the basis for its decision, the
trial court refused to include those benefits as Garcia's resources. That decision directly
contravenes the family code's unequivocal instructions and amounted to an abuse of
discretion. 

 We REVERSE the trial court's order and REMAND for further proceedings
consistent with this opinion. 

 

 ________________________

 DORI CONTRERAS GARZA,

 Justice


Opinion delivered and filed this

the 29th day of August, 2003.