NUMBER 13-03-026-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

IN THE INTEREST OF G. V., III, R. N. V., 
AND S. A. V., MINOR CHILDREN
                                                                                                                                      

On appeal from the 93rd District Court of Hidalgo County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Rodriguez, and Garza
Memorandum Opinion by Justice Garza

          The Office of the Attorney General of Texas appeals from the decision of the trial
court dismissing its petition to enforce the child support obligation of Guillermo Vega and
rendering judgment that Susanna Vega, the children's mother, owes Vega a refund of
$675.25 in overpayment of child support. The Attorney General has raised four issues on
appeal: (1) the trial court improperly accounted for a $7,000 credit when calculating Vega's
arrearage; (2) there was legally insufficient evidence supporting the trial court's finding that
Vega supported the child when he had possession; (3) Vega wrongly received credit for
months in which he had court-ordered possession of his children; and (4) there was legally
insufficient evidence to show that Vega made required monthly payments of $705 in child
support. Because the trial court erred in crediting Vega for court- ordered possession and
in finding that he paid $705 in monthly child support, we reverse and remand. 
I. Standard of Review
          We review child support orders by a trial court under an abuse of discretion
standard. See, e.g., Abrams v. Abrams, 713 S.W.2d 195, 196 (Tex. App.–Corpus Christi
1986, no writ). A trial court abuses its discretion when it acts arbitrarily or unreasonably,
or without any reference to guiding rules and principles. Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court has no discretion in determining
what the law is or in applying the law to the facts. Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992). 
          The Attorney General has raised issues regarding the legal sufficiency of the trial
court's findings of fact. Under the abuse of discretion standard, legal and factual
sufficiency of the evidence are not independent grounds for asserting error; however, they
are relevant factors in assessing whether the trial court abused its discretion. See Pickens
v. Pickens, 62 S.W.3d 212, 214 (Tex. App.–Dallas 2001, pet. denied); In re Gonzalez, 993
S.W.2d 147, 155 (Tex. App.–San Antonio 1999, no pet.). Absent a clear abuse of
discretion, we do not disturb the trial court's decision regarding child support. See In re
A.M. & B.M., 101 S.W.3d 480, 484 (Tex. App.–Corpus Christi 2002, no pet.). 
II. $7,000 Credit
          The Attorney General argues by its first issue that the trial court erred as a matter
of law by factoring in $7,000 of child support arrearage owed to Vega at the beginning of
its calculation of Vega's obligations rather than at the end.
          Following the Vegas' divorce, Vega received temporary possession of the couple's
three children, and Susanna was required to pay $500 each month in child support. 
Susanna timely sent all required payments in the form of checks. These checks, however,
went uncashed by Vega. The children were subsequently returned to the custody of
Susanna, and Vega was ordered to pay support. Later the trial court allowed Susanna to
close the account from which the checks had been drawn, and she withdrew all funds and
closed the account before the checks were cashed. Because he had never actually
received these payments, Vega asserts that he was owed an arrearage of $7,000. 
          When Vega failed to fully pay his child support, the Attorney General brought a
petition against him seeking to enforce his obligations. The trial court, when determining
what each party owed to the other, counted the $7,000 as a credit at the beginning of
calculating Vega's obligation. This meant that there was a $7,000 credit cushion that offset
months' worth of child support Vega had failed to pay, and because Vega's missed
payments were not considered an arrearage until the $7,000 credit was consumed, interest
did not begin to accumulate on the debts as they arose. As a result of this and other
calculations, the trial court ultimately determined that Susanna owed Vega $675.25.
          The Attorney General argues that the $7,000 credit should have been added at the
end of the calculation of Vega's arrearage so that interest would be counted as accruing
on Vega's arrearage from the first date of Vega's missed payments. According to the
Attorney General, crediting the $7,000 to Vega at the beginning of his child support
payment violates the Texas Family Code by excusing him from his duty to pay current child
support until his arrears equaled the $7,000 owed to him. See Tex. Fam. Code Ann. §
157.268 (Vernon 2002) (establishing an order of priority for the collection of child support).
          We disagree that the trial court violated section 157.268 of the family code. Its
settlement of the debts between the parents did not relate to or effect the payment of
current child support. Instead, the trial court undertook this calculation in order to settle
various arrearages owed by the parents to each other. Section 157.268 does not establish
an order of priority for the payment of countervailing obligations between parents for
already delinquent child support payments. See id. 
          A child support payment not timely made is considered a final judgment for the
amount due. Id. § 157.261(a) (Vernon 2002). The family code provides that a trial court
may not reduce or modify the amount of child support arrearages. Id. § 157.262 (Vernon
2002). Courts interpreting this section have held that while the amount of arrearages is
subject to a counterclaim for an offset, the legislature has denied the court the authority to
forgive or modify child support arrearages. See, e.g., In re M.C.R. & K.M.R., 55 S.W.3d
104, 109 (Tex. App.—San Antonio 2001, no pet.). This is because past-due child support
is more properly characterized as an unfulfilled duty to the child than a "debt" to the
custodial parent. Williams v. Patton, 821 S.W.2d 141, 145 (Tex. 1991). Payment of
arrearages is intended to compensate for the wrong to the child at least as much as it
reimburses the custodial parent for money spent on the child. Id. 
          Although Susanna made a timely attempt to comply with her support obligations,
she did not in fact succeed in making these payments, and eventually she withdrew the
funds she had pledged to the support of her children. The court was without discretion but
to find that the $7,000 in arrearages was owed as Susanna's unfulfilled duty to her
children, and it could not reduce or modify that arrearage. See Tex. Fam. Code Ann. §
157.262. The trial court complied with its statutory mandate by calculating the arrearage
from the date it was owed but went unpaid. We conclude that the trial court did not act
arbitrarily or unreasonably, or without reference to guiding principles of the family code. 
The Attorney General's first issue is overruled. 
III. Excess Possession
          By its second issue, the Attorney General argues the evidence was legally
insufficient to support the trial court's finding that Vega should be entitled to credits against
his support obligations for months in which he had physical possession of his children in
excess of court-ordered possession. The child custody agreement between the Vegas
provided that Vega have possession of the three children for the month of July. For
several years, he also had possession of the children for additional summer months
beyond his one-month possessory obligation. Vega continued to make his child support
payments during these months of excess possession. The trial court found that because
Vega had excess possession during the months in question, he was entitled to a credit
against his support obligations for these months. The Attorney General disputes this
finding, arguing that Vega failed to provide any evidence that he actually supported the
children while they were in his possession.
          Section 157.008 allows an obligor to plead, in support of a claim for reimbursement
or offset, that the obligee voluntarily relinquished actual possession and control of the
children to the obligor, so long as the voluntary relinquishment was for a time period in
excess of any court-ordered periods of possession and actual support was supplied by the
obligor. Id. § 157.008 (Vernon 2002). This Court has previously noted that evidence of
actual support is unnecessary, as the provision of support provided during periods of
excess possession is to be considered equivalent to the amount of the obligor's monthly
child support obligation:
It is not fair or reasonable to expect persons in appellee's position to keep
records which may be needed to be presented in court someday. Ordinarily,
the obligee is not required to make and/or file accountings to show how child
support money was spent. . . . There should be no more of a requirement
that (appellee) account for the money spent as actual support than (the
custodial parent) had for the child support money she received from
appellee.
 
In re A.M. & B.M., 101 S.W.3d at 487. 
 
          Neither Susanna nor the Attorney General contested Vega's assertion that he had
physical possession through voluntary relinquishment and provided support in the months
he claimed. Therefore, in light of our previous opinion in In re A.M. & B.M., we overrule the
Attorney General's issue and conclude that the trial court did not abuse its discretion in
granting Vega credit.
IV. Mandatory Possession
          By its third issue, the Attorney General claims that Vega was not entitled to a credit
for his child support payments made in months in which he had court-ordered possession. 
As we have noted above, Vega had court-ordered possession of his children for the month
of July each year. There was no provision in the child support agreement allowing Vega
to withhold payment of child support for the time in which he had possession. Over the
objection of the Attorney General, the trial court awarded Vega an "excess possession
credit" for each July in the years of 1997, 1999, 2000 and 2001, reimbursing Vega for
support payments he made during that time. 
          The Attorney General now contends that these excess possession credits were
made in violation of section 157.008 of the family code and the trial court erred by reducing
Vega's arrears, which should have otherwise been accruing interest, by $1,384.50 for July
1997, and $705 for each July in 1999, 2000 and 2001.
          We agree with the Attorney General that the trial court erred in awarding these
credits to Vega. Section 157.008 only allows for offsets in excess of court-ordered periods
of possession and control. See Tex. Fam. Code Ann. § 157.008. Vega was obligated for
those months to both pay child support to Susanna and take physical possession of the
children. He is not entitled to the reimbursement awarded by the trial court. Accordingly,
we sustain the Attorney General’s third issue.
V. Underpaid Support
          By its fourth issue, the Attorney General complains that the evidence is legally
insufficient to support the trial court's finding of fact number 4, which states that Vega paid
$705 in child support on certain dates. 
          Pursuant to the Vegas' child support agreement, Vega was obligated to pay $705
in support each month beginning in July 1999. The Attorney General argued that Vega
underpaid on eleven separate occasions, and presented, as evidence of its claim, copies
of Vega's checks for support payments. These checks show that Vega paid only $700, not
$705 as was ordered by the court. 
          Our review of the record indicates that there was no testimony or other evidence to
support the trial court's finding that Vega made the required payments of $705. The judge
and defense counsel, not having the benefit of testimony on the issue, calculated Vega's
arrearage based on their assumption that Vega paid what the child support agreement
stated he was obligated to pay, and not based on the Attorney General's evidence
establishing what he actually paid. During the trial, Vega referred to the amount of child
support he was obligated to pay as $700 during the relevant period, implying that he in fact
only paid $700 during those months. 
          We conclude that the trial court acted unreasonably and without regard for the
evidence in making its finding that Vega paid $705 on the eleven instances contested by
the Attorney General. Accordingly, we sustain the Attorney General’s fourth issue.
VI. Conclusion
          Having sustained the Attorney General’s third and fourth issues, we accordingly
reverse and remand to the trial court for a calculation of Vega's arrearage, including
interest. 
 
                                                                                     _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
 
Memorandum Opinion delivered 
and filed this the 27th day of August, 2004.