# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00517-CV

**Peter William Gonzalez, Appellant**

**v.**

**Linda Anne Tippit, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. 96-01185, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## O P I N I O N

Appellant Peter William Gonzalez challenges a trial court award of $13,400 in past due child support payable to appellee Linda Anne Tippit. In two points of error, Gonzalez contends that the trial court abused its discretion by denying his affirmative defense of voluntary relinquishment of actual possession of the child in excess of court-ordered periods and his counterclaims and requested offsets for actual support provided during the extra possession. Because we hold that the trial court did not abuse its discretion in finding that Gonzalez failed to prove he provided actual support, we need not reach his counterclaims for reimbursement and offsets for actual support provided. We will affirm the judgment of the trial court.

## Background

Gonzalez and Tippit are the natural parents of the child, a daughter, and have never been married. On January 30, 1996, Gonzalez filed an Original Petition in a Suit Affecting the Parent Child Relationship to establish his paternity and parental rights. Agreed temporary orders were entered into on March 11, 1996, which provided that Gonzalez and Tippit would be joint managing conservators and that Gonzalez would pay $200 each month in child support through the Travis County Domestic Relations Office with court-ordered visitation of two six-hour periods and one overnight period each week. Approximately two months after the entry of the temporary orders, Tippit and the child moved in with Gonzalez and he stopped paying child support. The length of time they lived together is disputed but appears to be between six and eight months from May or June to November or December of 1996. Child support payments never resumed. At trial, Tippit abandoned claims to any child support prior to September 1997. After Tippit moved out of Gonzalez's home, the parties mutually expanded Gonzalez's visitation from that described in the temporary order. Gonzalez asserts that the child has been living with him 50% of the time since 1996,[1] and that he has provided $28,000 of support in the form of private school tuition. The parties dispute whether Gonzalez made this payment. Tippit argues that the tuition was a gift from Gonzalez's brother to the child, while Gonzalez contends that his brother facilitated a bank loan for which Gonzalez has assumed liability and made payments.

---

[1] This claim was disputed at trial, but the trial court made no finding on the issue and Tippit stipulates to Gonzalez's statement of the facts concerning the child's living situation in her brief.

2

Tippit filed her motion to enforce child support on March 11, 2003. At trial, Gonzalez pled a statutory affirmative defense and counterclaimed for offsets. *See* Tex. Fam. Code Ann. § 157.008 (West 2002).[2] The district court held Gonzalez in contempt of court for failure to pay child support from the period of September 1997 to May 2003, denied his offsets and counterclaim, and assessed an arrearage of $13,400.[3]

Gonzalez claims that the trial court abused its discretion in holding him in contempt and assessing the arrearage because the record was legally and factually insufficient to support the court's denial of his affirmative defense that Tippit had voluntarily relinquished the child to him for more than the court ordered periods and that he had provided actual support during this time.

---

[2] § 157.008 reads, in pertinent part, as follows:

Affirmative defense to motion for Enforcement of Child Support.

(a) An obligor may plead as an affirmative defense in whole or in part to a motion for enforcement of child support that the obligee voluntarily relinquished to the obligor actual possession and control of a child.

(b) The voluntary relinquishment must have been for a time period in excess of any court ordered periods of possession of and access to the child and actual support must have been supplied by the obligor.

. . .

(d) An obligor who has provided actual support to the child during a time subject to an affirmative defense under this section may request reimbursement for that support as a counterclaim or offset against the claim of the obligee

Tex. Fam. Code Ann. § 157.008(a), (b), (d) (West 2002).

[3] The trial court gave Gonzalez credit for two months in which the $200 in child support was paid.

3

## Discussion

Gonzalez argues that because he proved the voluntary relinquishment prong from section 157.008, the trial court was required to presume actual support and rule in his favor. Tippit argues that section 157.008 requires an obligor to show both voluntary relinquishment by the obligee and actual support. Before we can analyze the sufficiency of the evidence, we must determine whether the family code requires Gonzalez to prove he provided actual support.

Statutory construction is a matter of law, which we review de novo. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). The primary rule of statutory interpretation is to give effect to the intent of the legislature. *Fleming Foods of Tex. Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999); *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 280 (Tex. 1994). Texas courts must consider, among other factors, the language of the statute, legislative history, the nature and object the legislature intended to be obtained, and the consequences that would follow from alternative constructions, even when a statute is not ambiguous on its face. Tex. Gov't Code Ann. § 311.023 (West 1998); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001); *United Servs. Auto Ass'n v. Strayhorn*, 124 S.W.3d 722, 728 (Tex. App.—Austin 2003, pet. denied). We consider disputed provisions in context, not in isolation. *Texas Workers' Comp. Comm'n v. Continental Cas. Co.*, 83 S.W.3d 901, 905 (Tex. App.—Austin 2002, no pet.); *see Fitzgerald v. Advanced Spine Fixation Sys.*, 996 S.W.2d 864, 866 (Tex. 1999).

Section 157.008 provides an affirmative defense to a motion to enforce child support if the obligee voluntarily relinquished actual possession and control of the child to the obligor in excess of court-ordered visitation and the obligor supplies actual support during this period. Tex.

4

Fam. Code Ann. § 157.008(a). An obligor who has provided actual support may request reimbursement for that support as a counterclaim against the obligee or may ask that it be calculated as an offset against the obligee's claim of arrearage. *Id*. § 157.008 (b).

Section 157.008 explicitly delineates an "affirmative defense" in cases of voluntary relinquishment. *Id*. § 157.008(a). The family code places the burden of proof on affirmative defenses to child support enforcement upon the obligor. *Id*. § 157.006.[4] Indeed, the burden of pleading and proving an affirmative defense traditionally falls upon the party asserting it. *See* Tex. R. Civ. P. 94. (West 2002) (party asserting affirmative defense must affirmatively "set [it] forth" and plead it); *Brownlee v. Brownlee* 665 S.W.2d 111, 112 (Tex. 1984) (defendant must show fact issue on every element of affirmative defense to avoid summary judgment); *Austin State Hosp. v. Kitchen*, 903 S.W.2d 83, 91 (Tex. App.—Austin 1995, no writ) (defendant bears burden of proving affirmative defense).

This affirmative defense has two prongs: the voluntary relinquishment *must* have been in excess of court-ordered possession and access periods and the obligor *must* have provided actual support. Tex. Fam. Code Ann. § 157.008(b). These requirements are not alternatives but are

---

[4] Affirmative Defense to Motion for Enforcement

    (a) The issue of the existence of an affirmative defense to a motion for enforcement does not arise unless evidence is admitted supporting the defense.

    (b) The respondent must prove the affirmative defense by a preponderance of the evidence.

Tex. Fam. Code Ann. § 157.006 (West 2002).

conjunctively tied together with "and"; the defendant must show both in order to prevail. Also, identical mandatory language precedes both prongs of the affirmative defense. *Id*. We believe that the legislature, in explicitly labeling the argument an affirmative defense, using the conjunctive "and," and using the same mandatory language, intended to require the obligor asserting the defense to prove both voluntary relinquishment and actual support in order to prevail. There is nothing in the language of the statute from which we can infer that the legislature intended courts to presume support once they have made a finding of relinquishment.

Section 157.008 is a re-enactment of the prior Texas Family Code section 14.41(c).[5] Gonzalez argues that the change in language between the two statutes requires us to jettison all prior precedent interpreting those statutes, and that it removes the obligor's burden to show actual support paid. Tippit contends that the relevant statutory language and the allocation of burdens have not substantially changed. To determine the effect of the statutory change in language, we compare the

---

[5] Former Texas Family Code § 14.41(c) provided as follows:

Possession of child by Obligor. If the managing conservator has voluntarily relinquished to the obligor the actual care, control, and possession of a child for a time period in excess of the court ordered periods of possession of and access to the child, the child support order continues unabated until further order of the court as provided by Section 14.08 of this code. However, an obligor who has provided actual support to the child during such time periods may seek reimbursement for that support as a counterclaim or offset against the claim of the managing conservator. An action against the managing conservator for support supplied to a child shall be limited to the amount of periodic payment previously ordered by the court.

Act of May 27, 1985, 69th Leg., R.S., ch. 232, § 9, 1985 Tex. Gen. Laws 1158, 1163, *repealed and reenacted by* Acts of April 6, 1995, 74th Leg., R.S., ch. 20, §1, 1995 Tex. Gen. Laws 113, 177, current version at Tex. Fam. Code Ann. § 157.008 (West 2002).

two statutes in context. *Continental Cas. Co*, 83 S.W.3d at 905; *Strayhorn*, 124 S.W.3d at 728. When the legislature reenacted the affirmative defense provision, it omitted the phrase, "the child support order continues unabated until further order of the court as provided in section 14.08 of this code." *See* Act of May 27, 1985, 69th Leg., R.S., ch. 232, § 9, 1985 Tex. Gen. Laws 1158, 1163, *repealed and reenacted by* Acts of April 6, 1995, 74th Leg., R.S., ch. 20, §1, 1995 Tex. Gen. Laws 113, 177, current version at Tex. Fam. Code Ann. § 157.008 (West 2002). The excluded phrase specifically refers to former section 14.08, which was repealed. Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws, 113, 282.

Although the legislature changed the language from these two statutes, the family code still requires a court order to modify child support. *See* Tex. Fam. Code Ann. § 154.124 (West Supp. 2004-05);[6] *Sudan v. Sudan*, 145 S.W.3d 280, 285 (Tex. App.—Houston [14th Dist] 2004, pet.

---

[6] Agreement Concerning Support

(a) To promote the amicable settlement of disputes between the parties to a suit, the parties may enter into a written agreement containing provisions for support of the child and for modification of the agreement, including variations from the child support guidelines provided by Subchapter C. [footnote omitted].

(b) If the court finds that the agreement is in the child's best interest, the court shall render an order in accordance with the agreement.

(c) Terms of the agreement pertaining to child support in the order may be enforced by all remedies available for enforcement of a judgment, including contempt, but are not enforceable as a contract.

(d) If the court finds the agreement is not in the child's best interest, the court may request the parties to submit a revised agreement or the court may render an order for the support of the child.

filed) ("In Texas, the Legislature has explicitly required that parental agreements concerning child support be expressly approved by the court."); *In re M.C.R.*, 55 S.W.3d 104, 109 (Tex. App.—San Antonio, 2001, no pet.) ("[E]ven parents of the child may not settle support claims until after the arrearages have been confirmed and cumulated in a money judgment or until the trial court has lost jurisdiction to enforce the unpaid support debt."); *In re D.S.*, 76 S.W.3d 512, 517 (Tex. App—Houston [14th Dist] 2002, no pet.) ("Once child support is set, even with automatic increases, and no appeal is taken, the child support is fixed *until* modified upon application.").  Whatever the effect of the change in language, it is clear that a child support judgment remains in force unless and until a court order changes it.  We do not believe that the legislature's omission of the repetition of this language from former section 14.08 in section 157.008 nullified in any way its effectiveness, particularly as the legislature reaffirmed the practical result of the rule in section 154.124. Furthermore, Gonzalez does not explain how the omission of the language has any effect upon the allocations of burdens in proving this affirmative defense.  Considering that the code explicitly requires the obligor to "prove the affirmative defense by a preponderance of the evidence," it does not appear to us that the legislature intended to alter the burdens of proof for child support affirmative defenses.

Gonzalez argues that we should follow the Corpus Christi court's holding in *In re A.M.*, 101 S.W.3d 480, 487 (Tex. App.—Corpus Christi 2003, no pet.), that after section 14.41(c) was reenacted as section 157.008, the legislature must not have intended to require any proof or accounting of expenses because it omitted the phrase, "the child support order continues unabated

Tex. Fam. Code Ann. § 154.124 (West Supp. 2004-05).

until further order of the court as provided in section 14.08 of this code." *Id.* We believe Gonzalez

overstates the holding in *A.M.* Although the court offered no analysis of the current language of the

statute, it is true that the court believed that the legislature intended to change the practice of forcing

an obligor in possession of the child to produce "an exact accounting of expenditures."[7] *Id.* at 487.

However, the court did not address the argument presented here, that support may be presumed upon

a showing of voluntary relinquishment beyond that granted by the court. Rather, the court was

rejecting a requirement that the obligor prove an itemized account of expenditures to establish actual

support. *Id.* at 486-87. In this respect, our opinions are not in conflict; the question of *how* an

obligor may carry his burden of proving he provided actual support is not before us.[8]

Our reading of section 157.008 is similar to that in *Curtis v. Curtis*, 11 S.W.3d 466

(Tex. App.—Tyler 2000, no pet.).[9] *Curtis* acknowledged the changes in the statute and held that the

obligor pleading the affirmative defense is still responsible for proving actual support in addition to

---

[7] "It is not fair or reasonable to expect persons in appellee's position to keep records which may be needed to be presented in court someday." *In re A.M.*, 101 S.W.3d 480, 487 (Tex. App.—Corpus Christi 2003, no pet.).

[8] Moreover, insofar as *A.M.* can be read to no longer require an obligor to provide any proof of actual support during periods of excess relinquishment, such language is dicta. In *A.M.* the trial court filed findings of fact that the children were relinquished in excess of court-ordered access periods, that the obligee provided no support, and that the obligor did pay actual child support during those periods; these findings were not attacked or challenged in the trial court or in the original brief in the appeal. *In re A.M.*, 101 S.W.3d at 486. Because the trial court in *A.M.* found actual support and no party challenged that finding on appeal, the case did not present a question regarding whether the court should presume support in a case in which there was proof of relinquishment but not of actual support.

[9] *A.M.* criticizes *Curtis*'s reliance on precedent from before the change in the statute, but distinguishes *Curtis* because it does not reach the issue in *A.M.*, which was what the amount of the offsets should be. *In re A.M.*, 101 S.W.3d at 487.

voluntary relinquishment in excess of the court-ordered periods. *Id.* at 473-474; *see Buzbee v. Buzbee*, 870 S.W.2d 335, 339 (Tex. App.—Waco 1994, no writ). Under *Curtis*'s and our reading of the statutes, the change in language did not change the division of burdens between the two parties. 11 S.W.3d at 472. The obligee bears the burden of proving that child support was due and not paid. *Id.* at 471. Once the obligee has met that burden, the obligor may plead the affirmative defense of section 157.008 and bears the burden of proving the elements of the defense—voluntary relinquishment in excess of court-ordered periods *and* the payment of actual support. *Id.* at 472; *see Buzbee*, 870 S.W.2d at 339. If the obligor fails to prove either arm of the defense, he or she fails to prove the claim. *Curtis,* 11 S.W.3d. at 473-74.

Although the level of proof required to show actual support is fairly low, the obligor pleading the affirmative defense must provide *some* proof. *Id.* at 473; *see Reinhold v. Reinhold*, 790 S.W.2d 404, 406 (Tex App.—Houston [14th Dist] 1990, no writ) *overruled on other grounds, Bruni v. Bruni*, 924 S.W.2d 366, 368 (Tex. 1996) (evidence of household expenses divided by number of persons in household sufficient to sustain offset when child lived with obligor father full time). Requiring an obligor to present evidence of support is particularly valuable in those cases in which the amount of time a child spent with an obligor parent is indeterminate. Even here, though Tippit does not contest possession, it does not necessarily follow that in having 50% of possession an obligor has been providing a full 50% of support. This reading also addresses the practical concern that, without some evidence of the amount of money spent, courts, which are still required to calculate arrearages, will have no reliable way to calculate actual support deductible from those arrearages. *See Lewis v. Lewis*, 853 S.W.2d 850, 855 (Tex. App.—Houston [14th Dist] 1993, no

10

writ) (holding that without expenditure evidence, court was unable to consider and apply offset and counterclaim).

We hold that obligors asserting this affirmative defense must plead and prove both prongs of section 157.008.

### Gonzalez's claim

Gonzalez contends that the record was legally and factually insufficient for the court to deny his affirmative defense because there was no probative evidence that would support the denial of the defense and such a great weight and preponderance of evidence in support of it as to make the court's denial an abuse of discretion. *See In re Estate of King*, 244 S.W.2d 660, 660 (Tex. 1951); *Echols v. Olivares*, 85 S.W.3d 475, 476-77 (Tex. App.—Austin 2002, no pet.); *Burtch v. Burtch*, 972 S.W.2d 882, 888-89 (Tex. App.—Austin 1998, no pet.); *Lindsey v. Lindsey*, 965 S.W.2d 589, 591 (Tex. App.—El Paso 1998, no pet.). He argues that the legal and factual insufficiency of the evidence in support of rejecting his affirmative defense, voluntary relinquishment, requires the reversal of the trial court's child support order. An order affecting child support, however, is not easily overturned; the complaining party must show a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

In reviewing the legal sufficiency of the evidence, an appellate court considers only the evidence that supports the trial court's finding and disregards all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965); *Jenkins v. Jenkins*, 16 S.W.3d 473, 477 (Tex. App.—El Paso 2000, no pet.). If any probative evidence supports the trial court's determination, it must be upheld. *Estate of King*, 244 S.W.2d at 661-62.

11

In reviewing the factual sufficiency of the evidence, we examine all the evidence and reverse only if the trial court's finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Id.* at 660; *Burtch,* 972 S.W.2d at 888; *Lindsey*, 965 S.W.2d at 591. A reviewing court cannot substitute its conclusions for those of the trial court if there is sufficient competent evidence of probative force to support the trial court's findings. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985); *Southwestern Bell Tel. Co. v. Johnson*, 389 S.W.2d 645, 648 (Tex. 1965); *Abernathy v. Fehlis*, 911 S.W.2d 845, 848 (Tex. App.—Austin 1995, no writ).

Where, as here, the sufficiency of the evidence and abuse of discretion standards of review both apply, we employ a hybrid analysis in which a determination of the sufficiency of the evidence provides guidance in determining if the action of the trial court was so against the great weight and preponderance of the evidence as to be manifestly unjust. *Estate of King*, 244 S.W.2d at 660; *Echols*, 85 S.W.3d at 477; *Burtch,* 972 S.W.2d at 888. In applying this standard, we engage in a two-pronged inquiry: (1) whether the trial court had sufficient information upon which to exercise its discretion; and (2) whether the trial court erred in its application of discretion by making a decision that was arbitrary or unreasonable based on the evidence elicited. *Echols*, 85 S.W.3d at 477-78; *Lindsey*, 965 S.W.2d at 592. A traditional sufficiency review is incorporated in the first prong of this hybrid appellate review. *Echols*, 85 S.W.3d at 478.

Gonzalez's argument is that he need only show there was no probative evidence to rebut his allegation that Tippit had voluntary relinquished the child in excess of the court ordered period, and that he is entitled to an inference of support thereafter; since the increase in possession

is uncontested, he asserts that there were no grounds to deny the defense. However, having determined that Gonzalez bore the burden of proving both prongs of his affirmative defense, we hold that he must show that there was no probative evidence on which the court could have denied his claim for failure to meet either prong of the defense. *Estate of King*, 244 S.W.2d at 661-62; *Curtis*, 11 S.W.3d at 473-74.

As proof of actual support, Gonzalez testified that he paid private school tuition for his daughter at Tippit's request through a bank loan his brother facilitated. In her testimony, Tippit denied that she requested the tuition, claiming the private school was Gonzalez's idea, and denied that Gonzalez paid anything, claiming instead that the tuition was a gift from Gonzalez's brother. The brother did not testify and no loan paperwork or other receipts were submitted to the trial court.

In a legal sufficiency review, we look only to the evidence and inferences that support the trial court's decision. *Garza,* 395 S.W.2d at 823; *Jenkins*, 16 S.W.3d at 477. In the face of Tippit's testimony, it is not possible for us to say that there was no probative evidence to support the trial court's finding, and we must hold the evidence legally sufficient. *See Curtis*, 11 S.W.3d at 474; *Buzbee*, 870, S.W.2d at 340. Nor can we say that, when examined in a neutral light, the trial court's finding is so against the great weight and preponderance of the evidence as to be manifestly unjust and therefore factually insufficient. *Estate of King*, 244 S.W.2d. at 660; *Burtch,* 972 S.W.2d at 888. The trial court is the sole judge of credibility; it was well within its discretion to believe Tippit's account and not Gonzalez's. *McGalliard v. Kuhlman*, 722 S.W.2d 964, 697 (Tex. 1986). We therefore hold that (1) there was sufficient information upon which the trial court could exercise its discretion in determining that Gonzalez did not carry his burden of showing he provided actual

13

support, and (2) the trial court's decision was not arbitrary or unreasonable based upon the evidence elicited. *See Echols*, 85 S.W.3d at 477-78; *Lindsey*, 965 S.W.2d at 592.

Because we have held that Gonzalez must prove both prongs of section 157.008 and that it was within the trial court's discretion to find against Gonzalez on the second prong, we need not determine whether there was any evidence to counter his assertion that Tippit voluntarily relinquished the child to him for periods in excess of court-ordered visitation. Even assuming that he conclusively proved voluntary relinquishment, the court could have reasonably determined that he did not prove actual support and rejected his affirmative defense.

We hold that the trial court did not abuse its discretion in denying Gonzalez's affirmative defense, and we need not address his counterclaims for offsets based upon that defense.

### Conclusion

Because Gonzalez failed to meet his burden of proving the second prong of the statutory affirmative defense to a motion to enforce child support, the trial court did not abuse its discretion in denying his affirmative defense or counterclaims and offset demands. We affirm the judgment of the trial court.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   June 10, 2005

14